IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURTLAND C. PITTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-185-JJF |
| | : | |
| STATE OF DELAWARE, RUTH ANN | : | |
| MINNER, M. JANE BRADY, RENEE | : | |
| HRIVNOCK, DELAWARE STATE | : | |
| POLICE, LT. COL L. AARON | : | |
| CHAFFINCH, LT. MARK DANIELS, | : | |
| and CPL. GREGORY SPENCE, | : | |
| | : | |
| Defendants. | : | |

Courtland C. Pitts, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 29, 2005
Wilmington, Delaware

**Farnan, District Judge**

The Plaintiff, Courtland C. Pitts, a <u>pro se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. For the reasons discussed, Plaintiff's motion to proceed <u>in forma pauperis</u> will be granted. Plaintiff's complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent that he raises claims against the State of Delaware, Ruth Ann Minner, M. Jane Brady, Renee Hrivnock, the Delaware State Police, Lt. Col. L. Aaron Chaffinch and Lt. Mark Daniels. However, the Court concludes that Plaintiff's claims against Defendant Spence for false arrest, illegal search and seizure and malicious prosecution are not frivolous and will proceed.

I.   **PLAINTIFF'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>**

When reviewing pauper applications, the Court must make two separate determinations. First, the Court must determine whether Plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

When determining whether a plaintiff is entitled to proceed <u>in forma pauperis</u>, the Court begins by looking at the plaintiff's

affidavit requesting pauper status.  If the plaintiff lacks sufficient assets with which to pay the filing fee, the Court may grant the plaintiff's request.

Here, there is no question that Plaintiff has a limited income.  In his affidavit, Plaintiff states that he receives $600.00 a month in disability benefits.  Based on these economic circumstances, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis.  Having concluded that Plaintiff is entitled to proceed in forma pauperis under Section 1915(a), the Court will "screen" Plaintiff's complaint under Section 1915(e)(2)(B).

## II. FACTUAL BACKGROUND

By his Complaint, Plaintiff alleges that Defendants have violated his constitutional rights by maliciously prosecuting him for assault, terroristic threatening, criminal trespassing, and disorderly conduct.  (D.I. 2 at 6)  Plaintiff names the following Defendants in his Complaint: the State of Delaware ("State"), Ruth Ann Minner ("Minner"), M. Jane Brady ("Brady"), Renee Hrivnock ("Hrivnock"), the Delaware State Police ("DSP"), Lt. Col. Aaron Chaffinch ("Chaffinch"), Lt. Mark Daniels ("Daniels") and, Cpl. Gregory Spence ("Spence").[1]  (Id. at 1)

Plaintiff alleges that on April 3, 2003, Spence arrested him

---

[1] Plaintiff does not raise any specific allegations against the State, the DSP, Brady, Minner, Chaffinch or Daniels.

in violation of his constitutional rights.  Specifically, Plaintiff alleges that he had an altercation with the owner of Mitchum's Auto Body Shop located in New Castle, Delaware. (Id.) Plaintiff asserts the following contentions.  On April 3, 2003, he went to Mitchum's Auto Body Shop to discuss his dissatisfaction with the repairs done on his car.  The owner told him to come back later.  He asked the owner when he could come back, and the owner told Plaintiff not to rush him or he wouldn't do anything at all.  (Id.)

     Plaintiff then told the owner that he was going to sue him. In response, the owner cursed at Plaintiff and shoved him. Plaintiff responded by punching the owner in the face.  Plaintiff and the owner fought for about five minutes at which point Plaintiff knocked the owner down.  Thereafter, one of the owner's employees chased Plaintiff from the premises with a baseball bat. (Id.)  Plaintiff "picked up a board in self defense and walked back to his car.  Once there I got in my car got cell phone [sic] and called 911 (3) times."  (Id.)

     Plaintiff alleges that when Spence arrived, he did not treat Plaintiff as the victim, or as the 911 caller.  (Id. at 2) Rather, Plaintiff alleges that Spence treated him as if he were the suspect.  Plaintiff further alleges that Spence was motivated by racial animosity to treat him in this way.  (Id.)  Plaintiff contends that he called Spence a racist because of Spence's

4

behavior, and that he told Spence he knew that Spence would treat him differently if he were white. (Id.) Plaintiff alleges that Spence took exception to his allegations and the two argued for several minutes. (Id. at 3) Plaintiff further alleges that Spence told him to be quiet or Spence would "cuff him." (Id.) Plaintiff alleges that he responded by saying, "that's what you want to do anyway," and that he turned around so that Spence could handcuff him. (Id.) Plaintiff alleges that Spence only took statements from the owner of Mitchum's Auto Body Shop and his employee. (Id.) He further alleges that there was an eye-witness to the incident, but that Spence refused to take her name or her statement. (Id.)

Plaintiff alleges that he was unlawfully arrested and maliciously prosecuted for criminal trespassing, aggravated menacing, terroristic threatening, assault in the third degree, and disorderly conduct. (Id.) Specifically, Plaintiff alleges that Spence falsified the police report and intentionally did not include any information about the eye-witness because Plaintiff called him a racist. (Id. at 6) Plaintiff further alleges that when he was arrested, his car was searched and towed without probable cause. (Id.) Plaintiff alleges that the State is vicariously liable for the actions of Spence and Hrivnock. (Id. at 6) Plaintiff also alleges that Hrivnock did not investigate his claims. Plaintiff further alleges that he was acquitted of

all charges at trial. (Id. at 4)

Plaintiff requests a declaratory judgment against Defendants, as well as compensatory and punitive damages in the amount of $25,000 from each Defendant. (Id. at 7) Plaintiff also requests "any other relief the court finds just and appropriate." (Id.)

## III. DISCUSSION

### A. Standard of Review For Dismissal

The Supreme Court has authorized the sua sponte dismissal of an in forma pauperis complaint which is frivolous, malicious or fails to state a claim under Section 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing complaints under this Section, the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    B.    Whether Plaintiff's Claim Against The State Is Barred By Sovereign and Eleventh Amendment Immunity

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)(overruled in part on other grounds not relevant here by, Daniels v. Williams, 474 U.S. 327.)) "[T]he Supreme Court has held that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Ospina v. Department of Corrections, 749 F.Supp. 572, 577 (D. Del. 1990)(citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Furthermore, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. at 579.

Accordingly, the Court concludes that Plaintiff's claim against the State has no arguable basis in law or in fact. Because the Court concludes that Plaintiff's claim against the State is frivolous, the Court will dismiss the claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

    C.    <u>Whether Plaintiff's Claim Against Defendant Hrivnock Is Barred By Absolute Immunity</u>

The Supreme Court has concluded that prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. See <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976). The Third Circuit has defined the scope of absolute immunity for prosecutors as follows:

> This includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation. See <u>id</u>; <u>Fry [v. Melaragno]</u>, 939 F.2d [832, 838, (9th Cir. 1991)] (activity occurring as part of presentation of evidence is absolutely protected). By contrast, a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity. <u>Imbler</u>, 424 U.S. at 430-31.

<u>Giuffre v. Bissell</u>, 31 F.3d 1241, 1251 (3d Cir. 1994)(quoting <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463 (3d Cir. 1992)). A prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." <u>Kulwicki</u>, 969 F.2d at 1463-64 (citing <u>Imbler</u>, 424 U.S. at 430-31).

In this case, Plaintiff appears to be arguing that Hrivnock decided to prosecute him without a good faith belief that Plaintiff had engaged in any wrong doing. However, Plaintiff has not presented any facts to support this allegation. Further, even if Plaintiff alleged such facts, the Court concludes that Plaintiff cannot maintain a claim against Hrivnock, because it is well-settled that a prosecutor's decision to initiate a prosecution is protected by absolute immunity. See id. Accordingly, the Court concludes that Plaintiff's claim against Hrivnock has no arguable basis in law or in fact. Because the Court concludes that Plaintiff's claim against Hrivnock is frivolous, the Court will dismiss the claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

      D.    <u>Whether Plaintiff's Claim Based On Vicarious Liability Against Defendants Minner, Brady, The DSP, Lt. Col. Chaffinch and Lt. Daniels Is Frivolous</u>

Plaintiff has not raised any specific allegations against Defendants Minner, Brady, Chaffinch, Daniels or the DSP. Rather, Plaintiff merely lists these Defendants in the caption, and notes their duty titles in the Complaint. (D.I. 2 at 1.) Thus, it appears to the Court that Plaintiff's claims against these Defendants rest solely on a theory of vicarious or supervisory liability.

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Dep't. of Soc.

Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Reviewing Plaintiff's allegations in the light most favorable to him and in the context of the applicable law, the Court concludes that Plaintiff has not alleged that any of these Defendants were the "driving force [behind]" Plaintiff's alleged unconstitutional arrest or malicious prosecution, or that any of these Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the Court concludes that Plaintiff's claim against the DSP, Minner, Brady, Chaffinch and Daniels has no arguable basis in law or in fact. Because the Court concludes that Plaintiff's claim against the DSP, Minner, Brady, Chaffinch and Daniels is frivolous, the Court will dismiss his claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b).

   E. <u>Whether Plaintiff's Claim Against Spence For Unlawful Search and Seizure and Malicious Prosecution Is Frivolous</u>

Plaintiff alleges that Defendant Spence did not have probable cause to arrest him, illegally searched and seized his

car, and maliciously prosecuted him. (D.I. 2) Furthermore, Plaintiff alleges that he has been acquitted of all charges. (Id. at 4) In light of these allegations, the Court concludes that Plaintiff's false arrest, illegal search and seizure, and malicious prosecution claims are not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915(A)(b)(1), and therefore, Plaintiff will be permitted to proceed with these claims.

## IV. CONCLUSION

In sum, the Court concludes that Plaintiff's claims against Defendants the State, Minner, Brady, Hrivnock, the DSP, Chaffinch and Daniels are factually and legally frivolous, and therefore, the Court will dismiss Plaintiff's claims against these Defendants. Because the Court concludes that Plaintiff's false arrest, illegal search and seizure, and malicious prosecution claims against Defendant Spence are not factually or legally frivolous, Plaintiff will be permitted to proceed with these claims.

An appropriate Order will be entered.