In The United States District Court
For the District of Delaware

Courtland C. Pitts, plaintiff
v.
State of De, et al, defendants

C.A. no. 05-185 JJF

## Motion to Reconsider Order

Comes now the plaintiff and respectfully request the Honorable Judge Joseph J. Farnan to reconsider his order in the above entitled case, dated July 29, 05. for the following reason(s).

(1) The complaint filed by plaintiff is neither frivolous, malicious, nor fails to state a claim, for which relief can and should be granted.

(2) Pro se complaints should be held to less stringent standards than complaints filed by lawyers and should only be dismissed when it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. Plaintiff wasn't given the opportunity to prove set of facts because most def. was dismissed without allowing discovery to take place first.

(3) A judge should accord every person who is legally interested in a proceeding to do so, with a full right to be heard according to law, and it should be the duty of the courts to offord a remedy and redress for every substantial wrong, see Robb v. Pennsylvania, RR 58 Del 454, 210 A2d 709. A persons depriv. should not go without redress.

and every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the U.S. or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(4) The state def's were acting under color of state law when, while performing in his or her official capacity or exercising their official responsibilities, they abused their position or authority given to them thru negligence when they failed to act when made aware of the problem before trial, during or after and showed deliberate indifference to my rights. being violated. they were put on notice by letters and phone calls. yet took no corrective measures to stop the harm complained of instead turned a deaf ear. At all times the head of the dep'ts sued was exercising custodial or supervisory authority.

(5) The state and its agents aren't protected by immunity when deprivation was committed by person(s) acting under color of state law and aware of harm complained of and exhibited deliberate indifference see Title 10 § 4012 exceptions to immunity, a governmental entity shall be exposed to liability for its negligent acts or omissions. Plaintiff will be able prove malicious prosecution without a defendant from the prosecutions dept. who tried the case. (strictly accountability)

(6) Complaint was dismissed against state and its agents with prejudice to plant. without them filing motion to dismiss or for summary judgment on their own behalf.

For these reasons and others unstated plaintiff request you to reconsider your order, in the interest of fairness and justice and allow discovery be had first. If necessary an evidentiary be held complaint to be served on all def to answer.

Respectfully submitted
8/9/05
Courtland C. Pitts

In The United States District Court
for the District of Delaware

Courtland C. Pitts ) C.A. no. 05-185-JJF
v. )
State of Delaware, )
et al defendants )

## Certificate of Service

I, Courtland C. Pitts, hereby certify that on this 9th day of Aug, 2005, i mailed (2) copies of my motion to reconsider order, by placing the same in the U.S. mail and addressed to the following

Attorney General
Dept. of Injustice
820 N. French St.
Wilmington, DE.
19805

8/9/05          Courtland C. Pitts