IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURTLAND C. PITTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-0185-JJF |
| | ) | |
| CPL. GREGORY SPENCE, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF DEFENDANT**

**TO PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS**

The defendant Spence asks the Court to deny the plaintiff's "Motion to Compel defendant to answer interrogatories 4(f); (5); (13); (14) and (20), evasive answers" [sic] filed on August 2, 2006, and seeks an award of costs to the defendant, for the reasons set forth below.

1. The plaintiff's certification pursuant to Rule 37(a)(2)(A) and Local Rule 7.1.1 is in error. As set forth in the attached letter from defense counsel dated August 2, 2006 ["Exhibit A"], the plaintiff only spoke to a paralegal in counsel's office. The plaintiff was rude and belligerent, and broke off the conversation without allowing the paralegal to speak. Counsel has no telephone voicemail messages from the plaintiff, and no record of any other calls placed by the plaintiff. Plaintiff's conduct was contrary to the letter and spirit of the Rules.

2. Interrogatory 4(f) seeks the address and phone number of Pauline Reid. The response to Interrogatory 4(f) ["Exhibit B" attached] notes that it was the plaintiff who provided the address and telephone number for Pauline Reid, the purported witness to the altercation. The police report produced to the plaintiff contains this information.

3. Plaintiff's Interrogatory #5 asks whether **the defendant** (Cpl. Spence) ever mentioned Pauline Reid as an eyewitness. It was **the plaintiff** who identified Reid

as a witness. Cpl. Spence attempted to interview her. Reid claimed to have seen part of the incident. The answer is fully responsive to the question asked.

4. Interrogatory #13 asks for Cpl. Spence's response to the plaintiff's demand for his "badge number", namely that the number appears on the badge that Cpl. Spence was wearing at the time of the plaintiff's arrest.

5. Interrogatory #14 asks about the charges placed against the plaintiff, Cpl. Spence, and anyone else involved. Cpl. Spence was not charged. The charges against the plaintiff and Mr. Mitchem are as listed in the response. The subsequent history of the respective charges is set forth on the documents provided to the plaintiff ["Exhibit C" attached hereto].

6. Interrogatory #20 asks for a detailed account of the "argument" between the plaintiff and **the defendant** (Cpl. Spence). There was no argument between the plaintiff and the officer. However, the response does provide a full account of the "argument" between the plaintiff and Mr. Mitchem.

7. Each of the challenged interrogatory answers is full, complete, and responsive to the question asked. Even where the questions are confusing, inartfully drawn, or otherwise objectionable,[1] full responses have been provided. In addition, the defendant has produced numerous documents that contain additional information, in satisfaction of discovery obligations. Rule 33(d). None of the answers could fairly be characterized as "evasive". The plaintiff has failed to set forth either reasons or argument suggesting why he finds the responses deficient, and he offers no citation of authority in support of his Motion.

8. Rule 37(a)(4)(B) provides that, where a motion to compel is denied, the Court "*shall*, after affording an opportunity to be heard, require the moving party….to

---

[1] It would appear that the plaintiff has exceeded the limitation on the number of interrogatories imposed by Rule 33(a) and the Scheduling Order in this case.

pay to the party….who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." *Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.,* 326 F.3d 687, 700 (6th Cir. 2003). Plaintiff's Motion was unjustified, and was filed with a false certification, such that the circumstances fully justify an award of fees.

WHEREFORE, the defendant asks that the Motion to Compel be denied, with prejudice, and that the defense costs of defending this action be awarded.

/s/ Ralph K. Durstein, III
Ralph K. Durstein III (ID# 912)
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

Dated: August 9, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on August 9, 2006, he caused the attached Defendant's Response to Plaintiff's Motion to Compel Interrogatory Answers to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Courtland C. Pitts, Pro se
1401 Maryland Ave., Apt. A-12
Wilmington, DE  19805

**MANNER OF DELIVERY:**

____    One true copy by facsimile transmission to each recipient

_X_     Two true copies by first class mail, postage prepaid, to each recipient.

____    Two true copies by Federal Express

____    Two true copies by hand delivery to each recipient.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

  /s/ Ralph K. Durstein III
Ralph K. Durstein, III, I.D. No. 912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Defendant