# EXHIBIT A



# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

### CARL C. DANBERG
Attorney General



| | | |
|---|---|---|
| **NEW CASTLE COUNTY**<br>Carvel State Building<br>820 N. French Street<br>Wilmington, DE 19801<br>Criminal Division (302) 577-8500<br>Fax: (302) 577-2496<br>Civil Division (302) 577-8400<br>Fax: (302) 577-6630<br>TTY: (302) 577-5783 | **KENT COUNTY**<br>102 West Water Street<br>Dover, DE 19904<br>Criminal Division (302) 739-4211<br>Fax: (302) 739-6727<br>Civil Division (302) 739-7641<br>Fax: (302) 739-7652<br>TTY: (302) 739-1545 | **SUSSEX COUNTY**<br>114 E. Market Street<br>Georgetown, DE 19947<br>(302) 856-5352<br>Fax: (302) 856-5369<br>TTY: (302) 856-2500 |

**PLEASE REPLY TO:**

New Castle County

Writer's Direct Dial: (302) 577-8510
FAX: (302) 577-5866

August 2, 2006

Courtland C. Pitts
Apartment A-12
1401 Maryland Avenue
Wilmington, DE 19805

Re: <u>Pitts v. Spence</u>, No. 05-185-JJF

Dear Mr. Pitts:

I understand that you contacted my office while I was on vacation concerning our production of documents and spoke to my paralegal, Jennifer Mitchell. You made various demands for documents and materials. When she attempted to speak to you to explain that we had produced everything available, you refused to speak to her, and then hung up on her.

First, let me advise that I will not tolerate conduct of that nature toward any of our staff. The same standard would apply to an attorney, a judge, or to anyone else dealing with State employees. If anything of this nature happens again, I will bring it to the attention of Judge Farnan and seek sanctions against you, including the dismissal of your Complaint. There is simply no excuse for rudeness.

Second, let me reiterate that I have provided all of the materials responsive to your requests that were in the Delaware State Police files on this incident. No such tape recording of a witness interview

exists. We do not have the inventory sheet for your vehicle. I do not have the names of any other officers or witnesses at the scene. You have all of the police reports and other documents responsive to your discovery requests.

Third, let me suggest to you that you have the right to contact the Court to raise issues about discovery. However, the defendants will vigorously oppose any allegations that you have been deprived of discovery. This letter would be attached to any response. It is our position that you cannot complain about failing to receive materials or documents that never existed in the first place.

Very truly yours,

Ralph K. Durstein III
Deputy Attorney General

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-0185-JJF |
| ) | |
| CPL. GREGORY SPENCE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

The defendant responds as follows to the interrogatories served by the plaintiff:

**General Objection:** In violation of the Court's Scheduling Order dated March 9, 2006, which set a limit of **30** interrogatories, the plaintiff has served a total of **35** interrogatories, including subparts, as defined by Local Rule 26.1(b). While reserving this objection, counsel has responded to the interrogatories.

1. What action did you take (in chronological order starting with action one, tow, three, etc.) upon your arrival at the scene of the incident between Plaintiff and Defendant that is the subject of this instant lawsuit?

**RESPONSE**: Upon arrival at Mitchem's Body Shop, 186 North Dupont Highway, at 1600 hours on April 3, 2003, Cpl. Spence interviewed James Mitchem and Daniel Wykpisz, and attempted to interview Courtland Pitts. Pitts was uncooperative and refused to provide information.

2.  In detail specific what was the atmosphere of the scene upon your arrival and after the action taken by you?

**RESPONSE**: Investigation revealed that Pitts and Mitchem had been involved in a physical altercation.

3.  In detail specific what was the distance between Plaintiff and Defendant upon your arrival at he scene?

**RESPONSE**: Cpl. Spence approached Pitts to ascertain his name and to interview him concerning the incident.

4.  If Defendant denies any part of "Legal Claim" item #9 of Plaintiff's complaint explain in detail specific:
    a)  Pauline Reid involvement in this incident?
    b)  Was Pauline Reid interviewed about the incident?
    c)  Was a statement taken from Pauline Reid about the incident?
    d)  Who took the statement, if any?
    e)  How was the statement taken?
    f)  What is the address and telephone number of Pauline Reid?

**RESPONSE**: Reid had no involvement in the incident and was not charged. Sgt. Hulings contacted Reid at her residence by telephone on April 26, 2003 at 1236 hours and interviewed her. A brief statement was taken. She declined to be interviewed by Cpl. Spence. Pitts supplied Sgt. Hulings with Reid's name and telephone number.

5.  Did Defendant ever mention that Pauline Reid is an eyewitness to the incident involving Plaintiff and Defendant on April 3, 2003?

**RESPONSE**: Reid stated that she was a witness to part of the altercation.

6. Did Defendant's supervisor or the like have to take the statement or [sic] Pauline Reid? If yes, what initiated the supervisor's involvement?

**RESPONSE**: See responses to Interrogatories 4 and 5 above.

7. When did defendant become aware of Pauline Reid as a possible witness? As the arresting officer when was Defendant going to interview Pauline Reid?

**RESPONSE**: See responses to Interrogatories 4 and 5 above

8. Did Defendant try to contact Pauline Reid to get a statement once Pauline Reid was identified as a witness?

**RESPONSE**: See responses to Interrogatories 4 and 5 above

9. Did Pauline Reid try to contact Defendant before arraignment or preliminary hearing to give a statement?

**RESPONSE**: No.

10. Was there any other police at the scene of the incident involving Plaintiff and Defendant? If yes, what are their full names, rank(s), address(es) and telephone number(s)?

**RESPONSE**: No. Not applicable.

11. Exactly how long did it take for any officer to arrive at the scene of the incident after the arrival of Plaintiff?

**RESPONSE**: Cpl. Spence is unaware of when the Plaintiff arrived at the scene. Cpl. Spence arrived at approximately 4:00 p.m. on April 3, 2003.

12. In detail specific describe what each officer did at the scene of the incident?

**RESPONSE**: Cpl. Spence attempted to investigate the altercation that had taken place by interviewing any participants or witnesses who would cooperate and give a statement. Based on the information received, he arrested Pitts and Mitchem. He secured Pitts' vehicle, and arranged for it to be towed from the premises (Mitchem's Auto Body Shop).

13. What was Defendant's response to Plaintiff's request for Defendant's badge number?

**RESPONSE**: The number appears on the badge worn by Cpl. Spence.

14. In detail specific describe what were the outcomes to any charges placed upon Defendant, Plaintiff or anyone else involved in the incident?

**RESPONSE**: Pitts was arrested and charged with Disorderly Conduct, Assault Third Degree, Criminal Trespass, Aggravated Menacing, and Terroristic Threatening (two counts). Mitchem was charged with Disorderly Conduct, Offensive Touching and Criminal Mischief.

15. Was plaintiff's car searched? If yes, in detail specific describe the results of the search?

**RESPONSE**: An inventory of Pitts' vehicle was conducted pursuant to his arrest, and in order to safeguard and secure the vehicle before towing.

16. Explain in detail specific why Plaintiff's car was searched?

**RESPONSE**: See response to #15 above.

17. Was plaintiff's car towed away? If yes, explain in detail specific exactly: (a) why Plaintiff's car was towed? (b) What was found in Plaintiff's car?

**RESPONSE**: Pitts' vehicle could not remain at the scene, and thus was towed for safekeeping following his arrest. An inventory was taken of the contents of Pitts' vehicle. The hood of the vehicle was also inspected for damage.

18. Was the vehicle or the property of Defendant or anyone else involved in the incident searched?

**RESPONSE**: The police vehicle of Cpl. Spence was not searched. No other vehicles were involved in the incident.

19. Was Defendant told, or otherwise informed, that an employee or visitor at Defendant's Mitchem Auto Body Shop attempted to break up the fight between Plaintiff and Defendant using a baseball bat to chase Plaintiff? If yes, describe in detail specific whether that employee or visitor was arrested?

**RESPONSE**: No. No one mentioned a fight between Pitts and Cpl. Spence, or Cpl. Spence chasing Pitts. Daniel S. Wykpisz attempted to break up the fight between Pitts and Mitchem. He was not arrested or charged.

20. Was the argument between Plaintiff and Defendant mentioned in the Police Report? If yes, explain in detail specific exactly what is said in the Police Report.

**RESPONSE**: Yes. Investigation revealed that Pitts and Mitchem had been involved in a physical altercation at Mitchem's Auto Body Shop, located at 186 North DuPont Highway. Pitts, a former customer of the Body Shop, pulled up in his car and stated "I want my car fixed, you guys fucked up the molding, I'm going to fucking sue you." Mitchem became angry and stated "Fuck you I'm not going to fix it now". He told Pitts to "kiss his ass" and to "get out of my face". Mitchem then walked back toward his shop

and called 911 on a portable phone. Pitts followed him, and Mitchem told him to get away from him – to back off. Pitts responded "What are you going to do about it. I'll kick your ass". Mitchem then pushed Pitts away, and Pitts punched him in the face. Mitchem went after Pitts. Both started swinging. Pitts went to his vehicle and took off his jacket, saying "I'm going to get my gun and I'm going to shoot you. I know where you live…" Mitchem then attempted to jump over Pitts' car, hit the hood, and landed on the ground. Pitts began to kick him in the back of his head. A co-worker, Daniel Wykpisz, chased Pitts away with a stick. Pitts then picked up a long wooden pole and chased Wykpisz with it. Mitchem got up and walked back into his Shop, and called 911 a second time. Pitts came back and stated "I know where you live. I'm going to get your family". Both Mitchem and Wykpisz repeatedly told Pitts to leave the premises. Pitts said "I'm going to come back and shoot the both of you".

21. Did anyone in the Internal Affairs Unit of the Police Department talk to Defendant about the incident between Plaintiff and Defendant on April 3, 2003? If so explain in detail specific exactly what was said, who (full name, rank and address) said it and when it was said.

**RESPONSE**: Yes. **Objection.** The contents of the Internal Affairs investigative file are confidential, pursuant to the Law Enforcement Officers Bill of Rights, 11 *Del.C.* §9200(d)(2), and not subject to disclosure in any civil proceeding.

22. What is Defendant's full name, rank, address and telephone number, including, but, not limited to employment and home addresses.

**RESPONSE:** **Objection.** Home address is not discoverable and will not be provided, given the plaintiff's propensity for violence and the threats made to others at the crime scene. Without waiving the objection, Gregory M. Spence is a Corporal in the Delaware State Police, assigned to Troop #2, 110 LaGrange Avenue, Newark, DE 19702, telephone (302) 834-2620.

23. What is the full name(s), address(es), title and telephone number(s) of each person that conducted the training, instruction and/or guidance of Defendant while Defendant was being trained to become a member of the Police Department?

**RESPONSE:** Cpl. Spence was trained at the Delaware State Police Academy located at 1441 North DuPont Highway, Dover, DE 19903, telephone (302) 739-5901, by the Academy staff and various guest lecturers.

24. What is the full name(s), address(es), title and telephone number(s) of each person that was responsible for Defendant's continued training, instruction, guidance after Defendant became a member of the Police Department.

**RESPONSE:** During the course of his career with the Delaware State Police, Cpl Spence has received monthly training updates through shift briefings, and semi-annual in-service presentations conducted by senior officers and Division attorneys.

25. What is the full name and location of each manual, policy, regulation, rule, memo or the like used during the training of Defendant to become a member of the Police Department and the continued training, instruction and guidance of Defendant after Defendant became a member of the Police Department.

**RESPONSE:** Delaware State Police *Administrative Manual* and Delaware State Police *Divisional Manual*, both found at the Headquarters Complex address listed above in the response to Interrogatory #23.

26. What are the full name(s), title(s), address(es) and telephone number(s) of each person that wrote the manual, policy, regulation, rule, memo or any other like document mentioned at Interrogatory #25.

**RESPONSE:** Both of the manuals referred to above are prepared by Headquarters staff with input from numerous individuals and upon review by Division attorneys.

27.  In detail specific what is the protocol and procedure normally followed when a person makes a 911 call to report a disturbance as described in the above captioned case, including, what is the full name of the book or manual containing the protocol and procedure, its location and the full name of the person possessing the protocol and procedure.

**RESPONSE:** See the response to Interrogatory #25 above. The protocol and procedure followed by the 911 Center staff would be determined by that agency. In general, calls are referred to the appropriate police agency for investigation and appropriate action.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

/s/Ralph K. Durstein, III
Ralph K. Durstein III, I.D. No. 912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400

Dated: May 5, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURTLAND C. PITTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-0185-JJF |
| | ) | |
| CPL. GREGORY SPENCE, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that counsel for defendant Cpl. Gregory Spence certifies that, on May 5, 2006, he caused two copies of *Defendant's Answers to Plaintiff's First Set of Interrogatories* to be served upon Courtland C. Pitts by placing them in the United States mail, postage prepaid, to the following address:

Cortland C. Pitts
1401 Maryland Avenue
Apt. A-12
Wilmington, DE 19805

                                                DEPARTMENT OF JUSTICE
                                                STATE OF DELAWARE

                                                /s/Ralph K. Durstein, III
                                                Ralph K. Durstein, III, I.D. No. 912
                                                Deputy Attorney General
                                                Carvel State Office Building
                                                820 N. French Street, 6th Floor
                                                Wilmington, DE 19801
                                                (302) 577-8400

                                                Attorney for Defendant

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C. A. No. 05-0185-JJF |
| | ) |
| CPL. GREGORY SPENCE, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

The defendant responds as follows to the plaintiff's request for production of documents, served on May 24, 2006:

1. Produced.

2. Produced.

3. Produced.

4. Produced.

5. Produced.

6. Produced.

                                                          DEPARTMENT OF JUSTICE
                                                          STATE OF DELAWARE

                                                          /s/ Ralph K. Durstein III
                                                          Ralph K. Durstein III, I.D. No. 912
                                                          Deputy Attorney General
                                                          Carvel State Office Building
                                                          820 N. French Street, 6th Floor
                                                          Wilmington, DE  19801
                                                          (302)577-8400

Dated: June 16, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on June 16, 2006, he caused the attached Defendant's Response to Plaintiff's Request for Production to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Courtland C. Pitts, Pro se
1401 Maryland Ave., Apt. A-12
Wilmington, DE 19805

**MANNER OF DELIVERY:**

\_\_\_\_  One true copy by facsimile transmission to each recipient

_X_   Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_  Two true copies by Federal Express

\_\_\_\_  Two true copies by hand delivery to each recipient.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

/s/ Ralph K. Durstein III
Ralph K. Durstein, III, I.D. No. 912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Defendant
