IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **COURTLAND C. PITTS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. 05-0185-JJF |
| | ) |
| **CPL. GREGORY SPENCE,** | ) |
| | ) |
| Defendant. | ) |

**RESPONSE OF DEFENDANT**

**TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The defendant Spence asks the Court to deny the plaintiff's motion to compel, filed on August 2, 2006, and seeks an award of costs to the defendant, for the reasons set forth below.

1.  The plaintiff's certification pursuant to Rule 37(a)(2)(A) and Local Rule 7.1.1 is in error. As set forth in the attached letter from defense counsel dated August 2, 2006 ["Exhibit A"], the plaintiff only spoke to a paralegal in counsel's office. The plaintiff was rude and belligerent, and broke off the conversation without allowing the paralegal to speak. Counsel has no telephone voicemail messages from the plaintiff, and no record of any other calls placed by the plaintiff. Plaintiff's conduct was contrary to the letter and spirit of the Rules.

2.  The defense has provided full and complete responses to the plaintiff's interrogatories ["Exhibit B"], as well as a response to the plaintiff's Request for Production ["Exhibit C"] that provided all discoverable material in the defense file.

3.  The defendant does not have any additional reports or notes. The inventory slip for the plaintiff's car has not been located, although the inventory procedure is as set forth in the police report, already produced. The defendant does not

have, and cannot obtain, audiotape recordings of radio conversations with the police dispatcher. To the extent that any such conversations may have been recorded, any such recordings were maintained by the dispatcher for a limited period of time, and would have been destroyed or overwritten long before the plaintiff's lawsuit was filed. There are no recordings of witness interviews, as plaintiff suggests. The attempts to interview Ms. Reid are set forth in the police report in detail.

4.     Rule 37(a)(4)(B) provides that, where a motion to compel is denied, the Court "*shall*, after affording an opportunity to be heard, require the moving party….to pay to the party….who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." *Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.,* 326 F.3d 687, 700 (6th Cir. 2003). Plaintiff's Motion was unjustified, and was filed with a false certification, such that the circumstances fully justify an award of fees.

WHEREFORE, the defendant asks that the Motion to Compel be denied, with prejudice, and that the defense costs of defending this action be awarded.

/s/ Ralph K. Durstein, III_____
Ralph K. Durstein III (ID# 912)
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

Dated:  August 9, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on August 9, 2006, he caused the attached Defendant's Response to Plaintiff's Motion to Compel Production of Documents to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Courtland C. Pitts, Pro se
1401 Maryland Ave., Apt. A-12
Wilmington, DE  19805

**MANNER OF DELIVERY:**

____    One true copy by facsimile transmission to each recipient

_X_     Two true copies by first class mail, postage prepaid, to each recipient.

____    Two true copies by Federal Express

____    Two true copies by hand delivery to each recipient.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

 /s/ Ralph K. Durstein III
Ralph K. Durstein, III, I.D. No. 912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Defendant