IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COURTLAND C. PITTS,            :

                  :

        Plaintiff,     :

                  :

v.                   :      Civil Action No. 05-185-JJF

                  :

CPL. GREGORY SPENCE,     :

                  :

        Defendant.     :

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion To Compel Defendant To Answer Interrogatories (D.I. 30) and Motion To Compel Production Of Documents (D.I. 31).

### I.   BACKGROUND

This is an action for false arrest, illegal search and seizure, and malicious prosecution brought under 42 U.S.C. § 1983.  By its Motion To Compel Defendant To Answer Interrogatories, Plaintiff contends Defendant's first response was evasive as to Interrogatories 4(f), 5, 13, 14, and 20.  By its Motion To Compel Production Of Documents, Plaintiff contends Defendant must produce the following: 1) recorded statements from witness Pauline Reid, 2) recordings of 911 calls made by Plaintiff, James Mitchem, and Daniel Wykpisz on April 3, 2003, 3)the full address for Ms. Reid, 4)the name of the female officer at the scene, 5) her statement, report, and notes, 6) the inventory sheet for Plaintiff's car, 7) audio recordings of conversations between Defendant and the Dispatcher, and 8) the

log-in sheet at Troop #2.  In response, Defendant seeks an award
of costs contending that Plaintiff's Motion was unjustified and
filed with false certification.

## II.   DISCUSSION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure,
"[p]arties may obtain discovery of any matter, not privileged,
that is relevant to the claim or defense of any party."  Fed. R.
Civ. P. 26(b)(1).  Such discovery is not limited to admissible
evidence, but to evidence that is reasonably calculated to lead
to the discovery of admissible evidence.  Id.  A court may limit
discovery "if the burden or expense of the proposed discovery
outweighs its likely benefit, taking into account the needs of
the case, the amount in controversy, the parties' resources, the
importance of the issues at stake in the litigation, and the
importance of the proposed discovery in resolving the issues."
Fed. R. Civ. P. 26(b)(2).

The Court concludes that Plaintiff's Motion To Compel
Defendant To Answer Interrogatories (D.I. 30) must be denied.
The Court accepts Defendant's assertion it has already provided
full responses to Interrogatories 4(f), 5, 13, 14, and 20. (D.I.
32).  In addition, the Court accepts Defendant's assertion that
Plaintiff is already in possession of the police report and
witness Pauline Reid's address and telephone number, requested in
Interrogatory 4(f).  Further, the Court concludes the information

requested in Interrogatories 5, 13, 14, and 20 is not relevant or likely to lead to admissible evidence.  Plaintiff points to no use for the material that would support his claims.  Accordingly, the Motion To Compel Defendant To Answer Interrogatories will be denied.

The Court concludes that the Motion To Compel Production Of Documents (D.I. 31) must be denied in part and granted in part. Plaintiff's request for the inventory sheet for the search of Plaintiff's car is relevant to his claim for illegal search and seizure.  Further, the Court concludes the burden on Defendant to produce the inventory sheet does not outweigh its benefit, despite Defendant's current inability to locate the document. (D.I. 33).  Accordingly, the Motion To Compel Production Of Documents will be granted as to Plaintiff's request for the inventory sheet of his searched car.

However, the Court concludes that the Motion To Compel Production Of Documents with respect to Plaintiff's remaining requests must be denied.  The Court accepts Defendant's assertion that it does not have and cannot obtain audio recordings of conversations between Defendant and the police dispatcher and that no recordings exist for Ms. Reid's statement. (D.I. 33). The Court also acknowledges that Plaintiff has already provided Defendant with the address of Ms. Reid and that the information regarding the police officer's statement and notes at the scene

is included in the police report.  Further, the Court concludes

the recordings of the 911 call(s) and the log-in sheet from the

State Police, Troop #2 are not relevant or likely to lead to

admissible evidence regarding Plaintiff's claims.  Plaintiff

points to no use for the material that would support his claims.

Even if it were relevant evidence, the Court concludes the burden

of production on Defendant is not outweighed by its marginal

benefit to Plaintiff's claims.  Accordingly, the Motion To Compel

Production Of Documents, not including Plaintiff's request for

the inventory sheet, will be denied.

Finally, the Court concludes that circumstances do not

warrant the assessment of fees or costs to the Plaintiff at this

time.

For the reasons set forth, the Court will deny Plaintiff's

Motion To Compel Defendant To Answer Interrogatories.  In

addition the Court will deny Plaintiff's Motion To Compel

Production Of Documents, except as to the inventory sheet for

Plaintiff's searched car.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that;

1.   Plaintiff's Motion To Compel Defendant To Answer Interrogatories (D.I. 30) is **DENIED**.

2.   Plaintiff's Motion To Compel Production Of Documents (D.I. 31) is **GRANTED IN PART** and **DENIED IN PART**.

3.   Each party shall bear its own fees and costs.


September ⎯13⎯, 2006

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
UNITED STATES DISTRICT JUDGE

5