In the United States District Court
For the District of Delaware

Courtland C. Pitts )
     plaintiff      )
        v.          )   C.A. No. 05-185 JFF
Gregory Spence      )
     defendant      )

FILED
2006 SEP 27 PM 12:24
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion to Reconsider Order dated Sept. 13, 06

Comes now the pro se litigant (Courtland C. Pitts) and ask that this court reconsider it's order, dated 9/13/06, denying plaintiff's request to compel def. to answer Interrogatories (4), 5, 13, 14 and 20, and to compel production of documents, for the following reason(s):

(1) Plaintiff states he no longer have Ms Reid's phone no.# and never had, nor know her address, and is needed to subpoena her as a witness to testify to def's. attitude and behavior towards plaintiff at scene and the argument and near fight between plaintiff and def. Spence leading to motive for false arrest, only because plaintiff asked for his Badge no.# and supervisor's name, which was never mentioned in police report or any other reports and told to shut up and approached me as if to attack me.

(2) Plaintiff states that if def. Spence is forced to answer fully & truthfully, those interrogatories listed and the documents requested they will disprove his false assertions of there being no other officer at scene; that there is no recorded statement of witness Pauline Reid that was used at plaintiff's trial; reason for search & tow of plaintiff's vehicle; audio recordings of conversation between def. Spence & dispatcher; and log sheet at Troop 2 on 4/4/03. and help prove

(pg. 1)

my claims of false arrest, malicious prosecution, illegal search & seizure, retaliation, discrimination and other civil rights violations by def. Spence. The answers sought, along with documents requested are relevant and necessary to the claims, pursuant to Rule 26, 26(b)(1) 26(b)(2) of the Federal Rules of Civil Procedure discovery is not limited to admissible evidence, but to evidence that is reasonably calculated to lead to discovery of admissible evidence, and the burden or expense of the proposed discovery does not outweigh its benefit.

③ Plaintiff states and feels that this court is not being impartial by accepting def. Spence's assertions as true without allowing full discovery to take place first, and in the same breath refusing to accept plaintiff assertions as true and denying plaintiff Due process and fundamental fairness, accepting one side over the other. If def's assertions appear to be true, grant motion to compel complete discovery requested and plaintiff can prove the officer lied in complaints answer and reply to discovery requests and that documents sought does or should exist according to policies, practice and or procedures.

④ Plaintiff states without motion to compel production of documents being granted his case is being denied the right to be heard and seek redress for intentional bad acts or failure to act according to law. The recordings requested will help prove my case or claim for all claims. Plaintiff asks this Honorable court why does it accept def's answers as true? When he has reason to lie and these lies will be exposed if motion to reconsider is granted.

For these reasons and others unstated in the interest of Justice ask that you grant motion to reconsider order and compel discovery

dated: 9/26/06

Respectfully submitted
Courtland C. Pitts (658-9826)
Courtland C. Pitts
1401 maryland ave. Apt. #3

(Pg 2)

Pitts v. Spence, C.A. No. 05-185 JJF

### Certificate of Service or Mailing/Delivery

The undersigned states that on Sept. 27, 06, he caused to be delivered (2) copies of the enclosed notion to the following:

Ralph K. Durstein, III
Deputy Att. General
Carvel State Office Bldg.
820 N. French St.
Wilm. De. 19805

Courtland C. Pitts pro se Litigant
Courtland C. Pitts
1401 Maryland Ave. Apt. A-3
Wilm. De. 19805
(658-9826)