IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-185-JJF |
| | : |
| CPL. GREGORY SPENCE, | : |
| | : |
| Defendant. | : |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Reconsideration (D.I. 36) of the Court's Memorandum and Order denying Plaintiff's Motion To Compel Defendant To Answer Interrogatories and granting in part and denying in part Plaintiff's Motion To Compel Production Of Documents (D.I. 34). For the reasons discussed, the Court will deny the Motion For Reconsideration.

I.   BACKGROUND

This is an action for false arrest, illegal search and seizure, and malicious prosecution brought under 42 U.S.C. § 1983. On September 13, 2006, the Court entered a Memorandum and Order denying Plaintiff's Motion To Compel Defendant To Answer Interrogatories and granting in part and denying in part Plaintiff's Motion To Compel Production Of Documents (D.I. 34). The Court concluded that the discovery requested by Plaintiff was not warranted because Defendant provided full responses to the interrogatories and Plaintiff requested information that was not relevant or likely to lead to admissible evidence. The Court

also accepted Defendant's assertion that Plaintiff was already in possession of the police report which contained information about witness Pauline Reid which was requested by Plaintiff in his Motion To Compel. With respect to the Motion To Compel Production Of Documents, the Court concluded that Plaintiff requested a number of documents that were not available, not relevant or likely to lead to admissible evidence, and for which the benefit did not outweigh the burden of production. However, the Court granted the Motion To Compel to the extent it requested the inventory sheet of the police search of Plaintiff's vehicle.

By the instant Motion For Reconsideration, Plaintiff contends that he does not have Ms. Reid's phone number or address and cannot subpoena her as a witness without the information. Plaintiff also contends that the recorded conversations sought by his Motion To Compel Production of Documents will help prove his case. Plaintiff further contends that the Court was not impartial by accepting Defendant's assertions as true in denying the Motion To Compel Defendant To Answer Interrogatories. Defendant did not file a response.

## II. DISCUSSION

"As a general rule, motions for reconsideration should be granted 'sparingly.'" Stafford v. Noramco of Delaware, Inc., 2001 WL 65738 at *1 (D. Del. Jan. 10, 2001) (quoting Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991)). The purpose of

granting a motion for reconsideration is to correct a manifest error of law or fact, present newly discovered evidence, or to prevent manifest injustice. Harsco Corp. v. Zlotnicky, 176 F.3d 669, 677 (3d Cir. 1999) (citing Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665 (N.D. Ill. 1983); North River Ins. Co. v. CIGNA Reins., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted)). In other words, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. Karr, 768 F. Supp. at 1093 (citing Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).

The Court concludes that Plaintiff has not identified an error of fact, nor did the Court overlook facts that would alter the result of its decision. Plaintiff's contentions in the instant motion are the same as the contentions raised in support of his Motions To Compel (D.I. 30, 31). Further, the Court concludes that Plaintiff alleges no error of fact made by the Court. Additionally, with respect to Plaintiff's assertion that the Court was not impartial because it accepted Defendant's assertions as true, the Court concludes that it does not risk manifest injustice to the Plaintiff by denying the Motion For Reconsideration. By its Memorandum and Order (D.I. 34), the Court accepted Defendant's assertions to the extent he alleged the requested information and documents were already provided or did not exist. Plaintiff has asserted no evidence to rebut

Defendant's assertions and the Court finds no reason to disbelieve Defendant. Further, the Court makes no findings as to the underlying substantive nature of the provided discovery.

Because Plaintiff has not identified an error of law or fact, newly discovered evidence, or manifest injustice, and because the Court did not overlook facts or precedent that would alter the result of its decision, the Court concludes that reconsideration is not warranted. Accordingly, the Court will deny the Motion For Reconsideration.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Reconsideration (D.I. 36) of the Court's Memorandum and Order entered on September 13, 2006 (D.I. 34) is **DENIED**.

December 14, 2006

_____
UNITED STATES DISTRICT JUDGE