IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS : | |
|     Plaintiff : | |
| : | No. 05-185-JJF |
| v. : | |
| : | |
| CPL. GREGORY SPENCE : | |
|     Defendant : | |

PLAINTIFF'S RESPONSE TO THE FIRST SET OF INTERROGATORIES

Plaintiff, Courtland Pitts, by and through his undersigned attorney, submits these responses to the Interrogatories propounded by Defendant.

1. Identify by name, address, phone number, location, date and persons present, all individuals that have been interviewed by you in connection with this matter and whether any documents or memoranda were prepared relating to that interview.

*I haven't interviewed anyone but I did speak with Pauline Reid. Her address is 137 Christina Crossing, Newark, DE 19702. Her phone number is 302-455-0335 and I spoke with her at the police station after I was arrested.*

2. Identify each and every document or other item of evidence that you intend to use in this lawsuit for any purpose including but not limited to cross-examination, during any pretrial or trial proceedings, either as exhibits, for purposes of impeachment, or a demonstrative evidence.

*Police Reports*
*Documents produced by Defendant*
*Depositions of Witnesses*

    3.    For each claim that you are asserting in this matter, state with particularity and specificity the complete factual basis for such allegations and identify all persons having knowledge of facts supporting the allegation, as well as all documents or other items of evidence in your possession that relate to each claim.

*As soon as he arrived, the policeman put me in handcuffs and put me in the car. He never took my statement or asked me any questions about what happened. When he was speaking to the dispatcher, he told him that "a couple of knuckleheads were fighting." I asked "who are you calling a knucklehead?" I couldn't hear what the dispatcher was saying but I'm sure that Spence was told to bring in both of us or to let both of us go. He didn't get around to asking me for my statement until about four hours after I was arrested. Then I told him, "What's the point, I'm already arrested".*

*On top of that, Pauline Reid was there and was willing to make a statement. They never took her statement until after I contacted Internal Affairs.*

    4.    List by name, address, occupation and employer each and every witness to be called to testify at trial on behalf of the plaintiff, and indicate the paragraph(s) of the amended Complaint as to which witness will testify.

| | |
|---|---|
| *Pauline Reid* | *CPL Gregory Spence* |
| *137 Christina Crossing* | *Troop 2* |
| *Newark, DE  19702* | *110 LaGrange Avenue* |
| | *Newark, DE  19702* |
| | *State Trooper* |

*James E. Mitchem, Jr.*  *Daniel Wykpisz*
*Mitchem's Auto Body Shop*  *Mitchem's Auto Body Shop*
*186 North DuPont Highway*  *186 North DuPont Highway*
*New Castle, DE  19720*  *New Castle, DE  19720*

5. State and identify by names or parties, court or administrative body and case number all civil lawsuits or legal proceedings, at law or equity, of any nature in which you are or have been a party, and the disposition of each such matter.

*Plaintiff claims to have filed an action while incarcerated. The court and docket number have yet to be determined.*

6. State with particularity any and all administrative, personnel, union, grievance, mediation, arbitration and other collateral remedies that the plaintiff has pursued at any time with respect to any of the allegations in the Complaint, stating the disposition of each such matter.

*I filed a complaint with Internal Affairs. After about Two weeks, they told me they had investigated and that nothing had been done wrong.*

7. Identify each and all photographs, videotapes, audio tapes or any other form of recording media that relate to this matter, and state the time, date, location and manner that such were made as well as the names of the individuals that have the originals or copies.

*The recording/transcript of the radio traffic between CPL Spence and the dispatcher. Defendant has not yet produced this tape.*

*A tape recording of the statement Pauline Reid made on April 26, 2003. Defendant has not produced this tape.*

8. To the extent you contend that the defendant violated the plaintiff's clearly-established constitutional rights, state with particularity and specificity the basis for your contention, and identify the individuals with knowledge, documents or tangible physical evidence that support your contentions.

*Spence never talked to me or got my side of the story. All he did was put me in handcuffs and put me in the car. The charges against me were dropped and then brought up again and I had to defend myself in court. The charges were dropped. They should never have put in a charge of criminal trespass because Wylpisz told them that I was there on business.*

9. Identify all individuals retained as experts or that may be called as witnesses under F.R.E. 702, 703 or 705 by plaintiff.

*As of this date, no individuals have been retained as expert witnesses. Plaintiff reserves the right to amend his response to this interrogatory. The balance of this interrogatory is currently moot.*

10. State and identify all compensatory, statutory, punitive and future damages, including general and special damages plaintiff claims as a result of defendants' alleged conduct and include your calculations of those amounts.

*Damages for humiliation, embarrassment and other emotional harm.*

11. State and identify all attorney fees and other costs that have accrued against plaintiff up to and including the date on which these interrogatories are answered.

*Deposition fees of between $500.00 and $1,000.00 have been incurred. The exact amount remains to be determined as discovery continues.*

12. With respect to the allegations that the plaintiff experienced pain, suffering and emotional harm, describe the nature of any medical treatment or medication received by the plaintiff as a result of their complaints, and identify each and every physician, nurse, counselor or other medical practitioner who rendered care for such complaints.

*Plaintiff has neither attended nor received treatment from any physician, counselor or other health care professional. The balance of this interrogatory is therefore moot.*

13. To the extent that you contend that the Division of State Police failed to take appropriate corrective action, provide a detailed description of each such action taken, the reasons you contend such action was insufficient or untimely, and a list of corrective actions you contend should have been taken, including any documentation of efforts on your part to request or demand such action.

*After my complaint to Internal Affairs, they should have investigated whether or not Spence had followed the rules when he arrested me. They didn't do it and two weeks later they sent me a letter saying that nothing had been done wrong and that they were not going to take any further action.*

14. Set forth the date, time and manner of communication with respect to each instance in which the plaintiff complained to the defendant, the Division of State Police, the Internal Affairs Unit, the Department of Justice or other law enforcement or governmental entity about any of the conduct alleged in the Complaint or pursued any administrative, disciplinary, collateral or grievance remedy with respect to such conduct, and provide the outcome of such complaint.

*Plaintiff filed his complaint with the Internal Affairs Unit within a three week period following his arrest. The exact date has yet to be determined from documents to be received from Plaintiff. Plaintiff reserves the right to amend his response to this interrogatory.*

                                        REAL WORLD LAW, PC
                                        /s/ Glenn A. Brown, Esquire
                                        GLENN A. BROWN, DMD, ESQUIRE
                                        Attorney for Plaintiff
                                        916 North Union Street
                                        No. 2
                                        Wilmington, DE  19805
                                        (302) 225-8340

Dated: September 12, 2007