IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COURTLAND C. PITTS** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | C. A. No. 05-0185-JJF |
| | ) | |
| **CPL. GREGORY SPENCE,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

  /s/Ralph K. Durstein, III
RALPH K.DURSTEIN, III, #912
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
DATED: September 28, 2007          Attorney for Defendant

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..............................................................1

STATEMENT OF FACTS .....................................................................................................2

ARGUMENT ..........................................................................................................................5

    I.    THE ARRESTING OFFICERS HAD AMPLE PROBABLE CAUSE TO ARREST PITTS BASED ON HIS PARTICIPATION IN A FIGHT ON THE PREMISES OF A BODY SHOP ................................................................5

    II.   THERE ARE NO FACTS TO SUPPORT A CLAIM OF DISCRIMINATORY OR MALICIOUS PROSECUTION, WHERE THE POLICE OFFICERS ARRESTED AND PROSECUTED BOTH PARTICIPANTS IN A FIGHT ........................................................................9

CONCLUSION .....................................................................................................................12

## **TABLE OF CITIATIONS**

*Adams v. Williams,* 407 U.S. 143 (1972)..................................................................................6

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)..........................................................5, 9

*Barna v. City of Perth Amboy,* 42 F.3d 809 (3d Cir. 1994).......................................................7

*Beck v. Ohio,* 379 U.S. 89 (1964) ..............................................................................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (!986).......................................................................6, 10

*Chimie v. PPG Industries Inc.,* 402 F.3d 1371, 1376 (Fed.Cir.2005) ...................................5, 9

*Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) .................................................11

*Groman v. Township of Manalpan,* 47 F.3d 628, 635 (3d Cir. 1995) .......................................7

*Hill v. California,* 401 U.S. 797 (1971) .....................................................................................6

*Horowitz v. Federal Kemper Life Assurance Co.,* 57 F.3d 300 (3d Cir. 1995) .....................5, 9

*Johnson v. Campbell*, 332 F.3d 199 (3d Cir. 2003)...................................................................7

*Maryland v. Pringle,* 540 U.S. 366 (2003) ................................................................................6

*Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)............................5, 9

*Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d Cir. 1997) .........................................................7

*United States v. Armstrong*, 517 U.S. 456, (1996) ..................................................................10

*Wayte v. United States*, 470 U.S. 598 (1985)...........................................................................10

*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ...........................................................................6

*Wright v. City of Philadelphia,* 409 F.3d 595 (3d Cir. 2005) ................................................6, 7

## **Statutes and Other Authorities**

United States Constitution, Fifth Amendment............................................................................4

Fed.R.Civ.P. 56(c) ..................................................................................................................5, 9

## NATURE AND STAGE OF THE PROCEEDINGS

This is a lawsuit that began with the filing of a *pro se* lawsuit by the plaintiff on August 17, 2005.  In an Order dated July 29, 2005, the court dismissed plaintiff's claims against the State of Delaware, Ruth Ann Minner, M. Jane Brady, Renee Hrivnock, the Delaware State Police, L. Aaron Chaffinch, and Mark Daniels.[1]  Although the plaintiff eventually obtained a lawyer to represent him,[2] the original Complaint filed by Mr. Pitts has not been amended.  In deposition testimony, Pitts acknowledged that he is asserting claims for alleged false arrest, discrimination, and malicious prosecution.[3]  He does not assert a claim of excessive force, other than the handcuffs being tight.[4]

An Answer was filed on behalf of Cpl. Gregory Spence on October 26, 2005.[5]  In his Answer, Cpl. Spence acknowledged that he had responded to a complaint of an altercation between Pitts and the owner of a body shop (James Mitchem), had attempted to investigate what happened, and had arrested both participants in the fight.  The Answer therefore asserted a claim of "qualified immunity" on behalf of Cpl. Spence.

Discovery in the case has been completed.  The depositions of Pitts, Mitchem, and two eyewitnesses to the fight, Pauline Reid and Daniel Wykpisz, have been taken.  This is the opening brief in support of the defendant's motion for summary judgment.

---

[1] Docket #6.
[2] An entry of appearance was filed by Mr. Brown on January 11, 2007 (Docket #38).
[3] Pitts Deposition at 12.
[4] Pitts Deposition at 13.
[5] Docket #14.

1

**STATEMENT OF FACTS**

On April 3, 2003, Mr. Pitts appeared at Mr. Mitchem's body shop to complain about work done by Mitchem and a subcontractor on Pitts' car. Pitts alleged that Mitchem called him an "MF" and then shoved him.[6] Pitts did not fall down as a result, and "when he shoved me, excuse my language, I knocked the hell out of him."[7] Pitts admitted to engaging in a physical fight with Mitchem for five minutes, to striking Mitchem in the mouth and face, and knocking him down.[8]

> Q. And are these blows connecting? Do you know what I mean?
> A. Mine was.
> Q. Okay.
> A. And his did, too. But not as often as I did.
> Q. And are you hitting him like face. Chest, or –
> A. Anywhere I could hit him.
> Q. And these are punches, right? They're—
> A. Yes.[9]

Pitts was not hurt by Mitchem, and was unhurt, other than twisting his back while fighting. When Pitts knocked Mitchem onto the ground, a coworker, Daniel Wykpisz, grabbed a baseball bat and chased Pitts off. Wykpisz did not strike Pitts.[10] Pitts found a board approximately five feet in length, and three-quarters of an inch wide, and turned around and walked back toward the body shop.[11]

Wykpisz went back to the body shop ahead of Pitts.[12] After observing damage to the hood of his car, Pitts got into the car, obtained his cell phone, and called police.[13] Daniel Wykpisz testified that he called the police from the body shop as soon as Pitts and

---

[6] Pitts Deposition (hereinafter "Pitts") at 19, 27, 30.
[7] Pitts at 27.
[8] Pitts at 31, 32.
[9] Pitts at 31.
[10] Pitts at 32, 33.
[11] Pitts at 33, 34.
[12] Pitts at 36
[13] Pitts at 37.

2

Mitchem started fighting, and before he used the bat to chase Pitts away.[14]  Pitts cannot say whether Mitchem or Wykpisz could have called the police before him.[15]

Before any police officer arrived, Pitts cursed ("Damn your uncle") at a witness, Pauline Reid, and at two other gentlemen who declined to get involved ("I said you sorry MF").[16]  When Cpl. Spence arrived at the scene, he told Pitts to "get back" from the patrol car, which was parked in front of the body shop, between Pitts on the one side, and Mitchem and Wykpisz on the other.[17]  According to Pitts, Cpl. Spence was then in the car and using the radio, for maybe two or three minutes.  At that point, the following conversation took place, in Pitts' own account at his deposition:

> …I – that's – and my comment was, "If I was a white guy, you would have been out of that car."
> He jumped out of the car, "What did you say? What did you say?
> I said, "You heard what I said."
> "Are you calling me a racist?"
> I said, "You damn right, that's what I'm calling you. You asking me, am I calling you a racist, you damn right that's what I say."  I say "I called you and you treat me like I'm some criminal[18] because of these white guys here."
> He told me to shut up.
> I said, "Shut up?"  I said, "that badge you wear, the respect you earn.  With me, you want me to shut up, you shut me up."[19]

Pitts was arrested at the scene, as was Mitchem.[20]  When Pitts was questioned by the police officers about the incident, he said "Why are you concerned about that after you arrest me?  You should have asked me what happened before you even arrested me."[21]

---

[14] Wykpisz at 5,6.
[15] Pitts at 36.
[16] Pitts at 41, 42.
[17] Pitts at 43, 44.
[18] Pitts in fact has an extensive criminal record, including serving 14 years on a 25-year sentence of incarceration.  Pitts at 7-12.
[19] Pitts at 44-45.
[20] Pitts at 49-50.
[21] Pitts at 50.

3

Pitts declined to discuss the incident or to give a statement to police. "Ain't no need to be saying nothing now. Your mind is made up."[22]

Both Pitts and Mitchem were arrested, booked, charged, and released on bail the same night.[23] Pitts was never incarcerated as a result.[24] Both Pitts and Mitchem were prosecuted on misdemeanor charges. At Pitts' trial, Mitchem declined to testify, and exercised his Fifth Amendment rights, because his charges were still pending.[25] Pitts was acquitted.[26] Mitchem subsequently entered into a plea bargain with the State to resolve the charges against him with a guilty plea.[27]

---

[22] Pitts at 51.
[23] Pitts at 14.
[24] Pitts at 53.
[25] Pitts at 54.
[26] Pitts at 55-56.
[27] Pitts at 57.

**ARGUMENT**

I.  THE ARRESTING OFFICERS HAD AMPLE PROBABLE CAUSE TO ARREST PITTS BASED ON HIS PARTICIPATION IN A FIGHT ON THE PREMISES OF A BODY SHOP

　A.　Standard of Review

A defendant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Chimie v. PPG Industries Inc.,* 402 F.3d 1371, 1376 (Fed.Cir.2005). The moving party, in this case the defendant, bears the burden of proving that no genuine issue of material fact exists. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Facts that could alter the outcome are "material", and disputes are "genuine", if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct. *Horowitz v. Federal Kemper Life Assurance Co.,* 57 F.3d 300, 302 (3d Cir. 1995).

If the moving party has demonstrated an absence of material fact, the non-moving party must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita, supra,* 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. There must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is

entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

    B.    <u>Argument</u>

In his deposition, Pitts admitted not only that he engaged in a prolonged fight with James Mitchem, but that he threw the first punch, and further claims that he got the better of Mitchem, even knocking him down, before he was scared away by Mitchem's employee, Daniel Wykpisz. Pitts further admits that, after fleeing the scene, he returned to the body shop, armed with a wooden post. His testimony would support the charges of Criminal Trespass, Offensive Touching, Assault, and Disorderly Conduct brought against him. In essence, Pitts now admits conduct that would clearly have justified his arrest by Cpl. Spence.

The evidence of criminal conduct by Pitts, from his own mouth, far exceeds the applicable test for probable cause that governed Cpl. Spence's decision to arrest. While the probable cause standard is incapable of precise definition, *Maryland v. Pringle,* 540 U.S. 366, 371 (2003), all interpretations of probable cause require a belief of guilt that is reasonable, as opposed to certain. *Hill v. California,* 401 U.S. 797, 804 (1971). Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. *Adams v. Williams,* 407 U.S. 143, 149 (1972). Therefore, the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction. *Wright v. City of Philadelphia,* 409 F.3d 595, 602 (3d Cir. 2005). The kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest. *Wilson v. Russo,* 212 F.3d 781, 789 (3d Cir. 2000). An arrest was made with probable cause if at

6

the moment the arrest was made, the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent person in believing that the suspect had committed an offense. *Beck v. Ohio,* 379 U.S. 89, 91 (1964). In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime. *Johnson v. Campbell,* 332 F.3d 199, 211 (3d Cir. 2003). It is irrelevant to the probable cause analysis what crime a suspect is eventually charged with. *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir. 1994) ("probable cause need only exist as to any offense that could be charged under the circumstances"). It is also irrelevant to the issue of probable cause whether a person is later acquitted of the crime for which he was arrested. *Wright, supra.* (arresting officers entitled to qualified immunity, despite subsequent dismissal of charges against suspect/plaintiff, where probable cause to arrest for criminal trespass existed).

Typically, the existence of probable cause in a civil rights action in a question of fact. *Groman v. Township of Manalpan,* 47 F.3d 628, 635 (3d Cir. 1995). However, in the appropriate case, the court may conclude that probable cause did exist as a matter of law, if the evidence (viewed most favorably to the plaintiff) reasonably would not support a contrary factual finding. *Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d Cir. 1997). This is such a case. No jury could rationally conclude that Cpl. Spence lacked probable cause to arrest Pitts. The facts as admitted by Pitts implicate him in criminal conduct. He engaged in a fistfight with the owner of a body shop on the premises of the business. Pitts was not acting in self-defense, but was the aggressor. When the fight was broken up by an employee of the body shop, Pitts armed himself and returned. Pitts angrily lashed

7

out at witnesses and bystanders, and continued to threaten the owner and his employee (and the officer) when Cpl. Spence arrived.  A police officer presented with this scenario had ample grounds to arrest Pitts at the scene.  There is no basis for claims of false arrest or for illegal search and seizure.

II.  THERE ARE NO FACTS TO SUPPORT A CLAIM OF DISCRIMINATORY OR MALICIOUS PROSECUTION, WHERE THE POLICE OFFICERS ARRESTED AND PROSECUTED BOTH PARTICIPANTS IN A FIGHT

    A.  <u>Standard of Review</u>

A defendant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Chimie v. PPG Industries Inc.,* 402 F.3d 1371, 1376 (Fed.Cir.2005). The moving party, in this case the defendant, bears the burden of proving that no genuine issue of material fact exists. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Facts that could alter the outcome are "material", and disputes are "genuine", if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct. *Horowitz v. Federal Kemper Life Assurance Co.,* 57 F.3d 300, 302 (3d Cir. 1995).

    If the moving party has demonstrated an absence of material fact, the non-moving party must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita, supra,* 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. There must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is

9

entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

      B.    <u>Argument</u>

The requirements for a selective prosecution claim draw on ordinary equal protection standards. *Wayte v. United States,* 470 U.S. 598, 607 (1985). The claimant must demonstrate that the prosecution had a discriminatory effect, and that it was motivated by a discriminatory purpose. *Id.* To establish a discriminatory effect in a race case, the claimant must show that similarly-situated individuals of a different race were not prosecuted. *United States v. Armstrong,* 517 U.S. 456, 465 (1996).

The applicable test is readily applied in this case. Pitts alleges that he was selectively prosecuted because he is Black.[28] Mitchem, a "similarly-situated individual of a different race" with whom Pitts fought, was also arrested at the scene and prosecuted. There is no evidence here, as a matter of law, of discriminatory effect, and thus no possible claim as to discriminatory intent. Pitts was arrested, not based on his race, but based on his behavior. The proof of that comes from the simultaneous arrest of Mitchem, a white man engaged in the same type of criminal behavior. There are no facts from which a jury could conclude to the contrary. Pitts' claim must fail.

To prove malicious prosecution, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a

---

[28] Ironically, and significantly, Pitts admits making this claim, by calling Cpl Spence a "racist", when the officer first arrived at the scene, before anyone had been arrested or interrogated.

consequence of a legal proceeding. *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003).

The first two criteria are satisfied here. However, as set forth in Argument I, Pitts admits conduct which constituted probable cause for Cpl. Spence to arrest him. Pitts has failed to establish the third criterion, and no jury could find a lack of probable cause to arrest, from these facts. Moreover, there is no evidence that Cpl. Spence acted maliciously, in arresting both of the men engaged in a fistfight at the body shop. Under the circumstances, he handled the incident in a straightforward and even-handed manner. His conduct is precisely what one would expect, consistent with the Equal Protection Clause. Both Pitts and Mitchem suffered a temporary deprivation of their liberty because of conduct that was criminal in nature and required the intervention of police officers. Each was arrested, charged, released on bail, and prosecuted. While there is ample evidence of malice on the part of Pitts, who angrily confronted Cpl. Spence upon his arrival, without any justification for doing so, there is no evidence whatsoever of any malice on the part of Cpl. Spence, who handled the matter in a professional manner in conformity with the Constitution. Cpl. Spence is entitled to qualified immunity as a matter of law.

## CONCLUSION

For the reasons and based on the legal authority set forth above, there is no triable issue of fact remaining with respect to the claims asserted by the plaintiff for a jury to consider, and the defendant is therefore entitled to summary judgment.

                                      **DEPARTMENT OF JUSTICE**
                                      **STATE OF DELAWARE**

                                      __/s/Ralph K. Durstein, III_____
                                      Ralph K.Durstein, III, #912
                                      Deputy Attorney General
                                      Carvel State Office Building
                                      820 North French Street, 6th Floor
                                      Wilmington, DE 19801
                                      (302) 577-8400
DATED:  September 28, 2007           Attorney for Defendant

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on September 28, 2007 he caused the attached Defendant's Brief in Support of Motion for Summary Judgment to be filed with the Clerk of Court using CM/ECF and which will be delivered to the following person electronically:

NAME AND ADDRESSES OF RECIPIENT(S):

Glenn A. Brown, Esquire
916 N. Union Street
Wilmington, DE 19805

DEPARTMENT OF JUSTICE
STATE OF DELAWARE
/s/ Ralph K. Durstein III
Ralph K. Durstein III (ID# 0912)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801

Attorney for Defendant