6774 Market St    610.734.0750
Upper Darby, PA    610.734.1255
19082 - 2432    realworldlaw.com

RealWorld Law. PC

October 17, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
844 King Street
Wilmington, DE 19801

         RE:    Pitts v. Spence
                <u>No. 05-cv-185</u>

Dear Judge Farnan:

      Pursuant to Your Honor's ruling during the October 11, 2007 teleconference, this letter serves as our response and answering brief to Defendant's Motion for Summary Judgment.

<u>Counterstatement of Facts</u>

      On April 3, 2003, Plaintiff called police to report the assault on his person. While making the telephone call, Plaintiff noticed damage to the hood of his car that had not been there previously. He requested that an officer be dispatched to take a report of the incident.

      Upon arrival, CPL Spence of the Delaware State Police, opted to speak with the Caucasian shop owner and employee rather than the African American Plaintiff who had requested his presence. Based upon his conversation with an individual who admitted to performing a criminal act in vandalizing Plaintiff's vehicle, CPL Spence, without further investigation, or legal authority, arrested and took Plaintiff into custody.

      As a result of the one sided investigation, Plaintiff was charged with misdemeanor counts of Aggravated Menacing, Terroristic Threats, Assault in the 3rd Degree, Disorderly Conduct and Criminal Trespass. While eventually acquitted of all charges, Plaintiff should not have been subjected to them.

Admitted in Pennsylvania, Delaware, New Jersey and the District of Columbia

916 N Union St #2    302.225.8340
Wilmington, DE    302.225.8339
19805    realworldlaw.com

Standard of Review

Defendant has requested the Court grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Presently, the only question before the Court is whether or not a genuine issue of material fact exists.

Argument

Rule 56 of the Federal Rules of Civil Procedure provides for and regulates summary judgment. Because summary judgment is intended to be dispositive, it is preclusive after appellate review has been exhausted. See *Ardoin v. J. Ray McDermott & Company*, 641 F.2d 277, 278 (5th Cir. 1981) [grant of summary judgment operates as a judgment on the merits and has *res judicata* effect.]

Pursuant to Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th cir. 1993) See also *Osborne v. Ashland County Board of Alcohol, Drug Addiction and Mental Health Services*, 979 F.2d 1131, 1133 (6th Cir. 1992). A motion for summary judgment may be granted when the moving party carries its burden of showing that no **triable** issues of fact exist. See *Thompson v. Grivoje*, 896 F.2d 716, 720 (2nd Cir. 1990) [emphasis added]

Because of the burden on the moving party, any inferences drawn from the facts are viewed in the light most favorable to the non-moving party. See *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994. (1962). With that in mind, any dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)

On July 29, 2005, this court entered and Order dismissing Plaintiff's claims against all defendants joined in the Complaint with the exception of CPL Spence.[1] As a result, all claims against those Defendants were also dismissed, leaving three (3) potential claims against CPL Spence. Those claims include false arrest, absence of probable cause and discrimination/disparate treatment[2].

The first two claims, those of false arrest and lack of probable cause are interlinked. Under the laws of most jurisdictions, the elements of false are 1) the defendant intended to confine the plaintiff; 2) the plaintiff was conscious of the confinement; 3) the plaintiff did not consent to the confinement; and 4) the confinement was not otherwise privileged. See *Maron v. County of Albany*, 166 Fed. Appx. 54 (2nd Cir. 2006). The elements of false arrest under *42 U.S.C.S. §1983* are essentially the same as state law elements. *See Singer v. Fulton County Sheriff*, 63 F.3d 110 (2nd Cir. 1995).

---

[1] Docket Entry 7-Order of Court
[2] Docket Entry 2-Complaint

However, the existence of probable cause constitutes justification and is a complete defense to a false arrest action. See *Weyant v. Okst*, 101 F.3d 845 (2nd Cir. 1996) quoting *Bernard v. United States*, 25 F.3d 98 (CA2 1994)  Probable cause exists if there is a fair probability that the person committed the crime at issue. *Wilson v. Russo*, 212 F.3d 781 (3rd Cir. 2000)

Defendant has argued that he was operating within the scope of his duties as an officer of the Delaware State Police and, thus, is entitled to qualified immunity[3]. The question is not whether CPL Spence had the authority to arrest Plaintiff. Rather, the question is one of whether probable cause to arrest Plaintiff existed. Plaintiff agrees that probable cause is incapable of precise definition. See *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Plaintiff also agrees that the evidentiary standard for probable cause is significantly lower than that required for conviction. See *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3rd Cir. 2005).

Pursuant to *11 Del. C. §1904(a)(1)* a police officer may arrest a person without a warrant for a misdemeanor if the officer has witnessed the misdemeanor. The law requires for all valid arrests, with or without warrants, that police would warrant a reasonable man in believing that a crime has been committed. *Thompson v. State of Delaware*, 539 A.2d 1052 (Del. 1988). An altercation between two individuals does not necessarily mean that criminal activity is involved. Only in the event that CPL Spence witnessed the altercation would he have been able to determine the extent of any criminal activity in progress. His intake of information was blatantly one sided in that he failed to take the statement of the Plaintiff upon his arrival or to even request such a statement until he had already decided to place Mr. Pitts in custody.

When determining whether probable cause exists, the court must consider the facts available to the officer at the time of the arrest and immediately before it. See *Lowth v. Twon of Cheektowaga*, 82 F.3d 563 (2nd Cir. 1996). A district court must look to the "totality of the circumstances" in deciding whether probable cause exists to affect an arrest. See *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317 (1983). In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant in a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. See *Weyant v. Okst*, 101 F.3d 845 (2nd Cir. 1996)

Plaintiff has stated that he called police from his car on a cellular telephone[4]. At the time of CPL Spence's arrival on the scene, Plaintiff was standing by his car and motioning to Defendant[5] to come and talk with him. Defendant Spence purposefully declined to interview Plaintiff. The altercation to which Defendant was responding had ended prior to his arrival. Yet Plaintiff was placed under arrest prior to CPL Spence spending any time in attempting to determine the facts underlying the incident. Only while arresting Plaintiff did Defendant make a half-hearted effort to obtaining statements

---

[3] Docket Entry 14-Answer of Gregory Spence
[4] Pitts Deposition Transcript Page 37
[5] Pitts Deposition Transcript Page 42

and begin determining facts. Defendant had no first hand knowledge of the incident at the time of the arrest or immediately preceding it. Defendant certainly had no information to warrant a belief that Plaintiff had committed or was committing a crime at the time of the arrest. Defendant did not witness any physical injury or threat thereof committed by Plaintiff. In fact, Plaintiff's deposition testimony suggests that his involvement was in self defense.

Under the provisions of the Delaware Code, the requisite analysis in determining the sufficiency of probable cause for a warrantless arrest is the "totality of the circumstances" test. *Coleman v. State of Delaware*, 562 A.2d 1171 (1989) cert. denied 493 U.S. 1027, 110 S. Ct. 736, 107 L. Ed. 2d 754 (1990). Defendant had made no effort to determine the totality of the circumstances surrounding the incident. Plaintiff was next to his personally owned vehicle with identification available. There was no evidence of physical injury or thereat thereof. Upon arrival and prior to his one sided investigation, Defendant was not in a position to develop the reasonable grounds needed to perform an arrest. Delaware law has stated that reasonable ground means probable cause which is something more than mere suspicion but less than that evidence necessary to convict. *United States, ex rel., Mealey v. Delaware*, 352 F. Supp. 349 (D. Del. 1972), supp.op. 356 F. Supp. 473 (D. Del. 1973), reversed on other grounds 489 F.2d 993 (3rd Cir. 1974)

Only after his interaction with two Caucasian men, only one of which was subsequently arrested, did Defendant develop a reasonable suspicion of a possible crime. Yet, under Delaware law, reasonable suspicion does not justify an arrest. Only probable cause provides the police with the authority to intrude into an individual's privacy to that extent. *Jarvis v. State of Delaware*, 600 A.2d 38 (Del. 1991) Defendant did not have probable cause, only a reasonable suspicion which would have allowed a further investigation which Defendant did not make.

It has been attested to by Plaintiff and Mitchem that a second, female, police officer responded to the call [6]. Pauline Reid, a third party witness to the incident also attested that a female officer responded[7]. Despite discovery requests, the identity of the female officer has not been provided to Plaintiff. Ms Reid, a disinterested third party who did not know Plaintiff, admits to following the police cruiser to the station to make sure that Plaintiff as "all right"[8]. Ms Reid has no prior nor subsequent history of assisting an individual in difficulties with the police. Ms Reid further states that no one took a statement from her while she was at the police station[9].

Prior to this incident, Ms Reid had not had occasion to watch an arrest. Yet, even as a layperson, Ms Reid noticed something wrong in the way that the police officers were handling Plaintiff[10]

---

[6] Pitts Deposition Transcript Page 49
[7] Pauline Reid Deposition Transcript Page 7
[8] Reid Deposition Transcript Page 17
[9] Reid Deposition Transcript Pages 17-19
[10] Reid Deposition Transcript Pages 14-15

Defendant most certainly intended to confine the Plaintiff. He was handcuffed and placed in a police cruiser. At no time was Plaintiff informed that this was an investigatory detention as was the right of the officer. Plaintiff was acutely aware of his confinement and did not consent to such confinement. As the confinement was not ordered by the court or other privileged agency, Defendant's meeting the elements for false arrest is, at the very least, a question for the jury.

As there was no altercation in progress at the time of CPL Spence's arrival, the question of whether probable cause existed to arrest Plaintiff arises. Since the charges filed against Plaintiff arose from an alleged physical and verbal altercation between Mitchem and Plaintiff and there was no altercation in progress upon the arrival of CPL Spence, the question arises, what was the probable cause to arrest Plaintiff? It has been held that all inferences to be drawn by the Court shall be viewed in the light most favorable to the non-moving party. See _United States v. Diebold, Inc._, 369 U.S. 654, 655, 82 S. Ct. 993, 994. (1962). The inference to be drawn here is that CPL Spence did not have probable cause at the time he arrested Plaintiff. The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officer or may require a trial if the facts are in dispute. See _Weyant v. Okst_, 101 F.3d 845 (2nd Cir. 1996). The facts as to whether probable cause existed are in dispute and constitute a genuine issue of material fact.

At some point during or immediately following the altercation, the hood of Plaintiff's vehicle sustained damage[11]. During his deposition, Mitchem admitted to having caused the damage to Plaintiff's vehicle and it was for this act that he was arrested.

At no time prior to his arrest was Plaintiff permitted to make a statement to an objective arresting officer[12]. As a result, Plaintiff was apparently being discriminated against or, at the very least, receiving disparate treatment from the other participants in the altercation[13]. Plaintiff was handcuffed and placed in a police cruiser. Mitchem, after being allowed to give his statement, was placed in the front seat of a second cruiser without being handcuffed[14]. The charges against Mitchem rose from his admitted damage to Plaintiff's vehicle and not, as represented by the Defendant, from the altercation[15].

Statements were not taken from a credible witness of the incident. Only after Plaintiff filed a grievance with the Delaware State Police Internal Affairs Board, did a SGT Hulings make an effort to obtain Ms Reid's statement concerning the incident some three weeks following the incident.

---

[11] Pitts Deposition Transcript Page 37
[12] Pitts Deposition Transcript Page 50
[13] Pitts Deposition Transcript Pages 44-45
[14] Pitts Deposition Transcript Page 49
[15] Docket Entry 53-Opening Brief Page 4

Moreover, Plaintiff has stated on the record that Daniel Wykpicz was involved in the altercation. In point of fact, Wykpicz chased Plaintiff with a baseball bat[16]. The only inference that can be taken from that fact is that Wykpicz intended to cause Plaintiff bodily harm. Yet, Wypkicz was not arrested. Defendant makes much of the fact that Plaintiff picked up a board to defend himself from the assault of Wykpicz. At the very minimum, Wykpicz was subject to a charge of assault. Yet, after his conversation with Defendant, he was not arrested. Clearly, the issue of disparate treatment of Mr. Pitts by the Defendant remains in factual dispute.

The reasonable conclusions Plaintiff drew from the experience was that, given the fact that he was African American and the shop-owner, employee and police officer were Caucasian he was being singled out as a result of his race[17]. Moreover, Plaintiff drew the conclusion that it was of little use making any sort of statement in his defense as it appeared, that the arresting officer's mind was already decided on the charges to be leveled[18].

Summation

Plaintiff has been mischaracterized as the aggressor in this matter. To the contrary, he was the victim both of the assault and the damage to his property. Despite the protests and questions of a third party witness, the police took him into custody without authority under 11 Del. C. 1904 "Arrest without warrant".

There are still genuine issues of material fact remaining to be adjudicated contrary to Defendant's representation. Questions of probable cause and disparate treatment must certainly be presented to a jury to determine their existence. Only when the question of probable cause is resolved can Plaintiff's claim of false arrest be determined. Failure of the Court to try those issues, when it could lead a jury to finding for the Plaintiff, would deny Plaintiff due process and his day in court.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion for Summary Judgment and schedule the matter for trial.

Respectfully submitted,
REAL WORLD LAW, PC
/s/ Glenn A. Brown, Esquire
GLENN A. BROWN, DMD, ESQUIRE

GAB/mjp

cc:   Ralph Durstein, Esq. (electronic delivery)
      Courtland Pitts (first class mail)

---

[16] Pitts Deposition Transcript Pages 32-36
[17] Pitts Deposition Transcript Page 12
[18] Pitts Deposition Transcript Page 51

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS : | |
| Plaintiff : | |
| : | No. 05-185-JJF |
| v. : | |
| : | |
| CPL. GREGORY SPENCE : | |
| Defendant : | |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on October 18, 2007, he caused the attached Letter Brief in Response to Defendant's Motion for Summary Judgment to be filed with the Clerk of Court using CM/ECF and which will be delivered to the following person electronically:

NAME AND ADDRESS OF RECEIPIENT(S):
Ralph K. Durstein, III, Esquire
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE  19801

By First Class Mail, Postage Prepaid to:
Courtland Pitts
1401 Maryland Avenue
Apartment A3
Wilmington, DE  19805

REAL WORLD LAW, PC
/s/ Glenn A. Brown, Esquire
GLENN A. BROWN, DMD, ESQUIRE
Attorney ID No. 4669
916 North Union Street
#2
Wilmington, DE  19805
(302) 225-8340
Attorney for Plaintiff