

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

New Castle County
Major Litigation Unit

Writer's Direct Dial: (302) 577-8510
FAX: (302) 577-5866

October 25, 2007

The Honorable Joseph J. Farnan
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    Re: Pitts v. Spence, No. 05-185-JJF

Dear Judge Farnan:

    At the teleconference in this case on October 11, 2007, the Court permitted Mr. Brown to respond by letter on behalf of the plaintiff to the defense Motion for Summary Judgment. I received Mr. Brown's letter memorandum on October 18, 2007. Although I cannot recall mention of the form of any defense reply, I would ask the Court's indulgence in permitting this letter in further support of the defense Motion.

### Facts

    The plaintiff acknowledges that he did not attempt to call the police until <u>after</u> the fight with Mr. Mitchem, when Mr. Pitts had returned to his car. Mr. Pitts admitted that he did not know if or when Daniel Wykpisz called the police. As set forth in the Opening Brief ("OB", at 2-3), it was Mr. Wykpisz who called first, immediately after the initial confrontation, and before he chased Pitts away with a baseball bat. That said, the sequence of phone calls to report the incident should not be determinative. The evidence rebuts Pitts' claim that this was "his complaint" to police, and the inference that he somehow could control the officers' response. Under the circumstances, the fact that Pitts called the police does not confer "victim' status on him. He was a person involved in an altercation, and was one of those who called to report it, and to request that a police officer respond to the scene.

The plaintiff suggests that Officer Spence, upon arriving, chose to speak to the witness Wykpisz and to Mr. Mitchem, instead of Pitts. Actually, according to Pitts' own testimony (recounted at OB-3), when Cpl. Spence arrived, he first sat in his car and reported in on the radio. As soon as Cpl. Spence exited his vehicle, and before he spoke to Wykpisz or Mitchem (or anyone else), Pitts (who admits being angry; and who had already confronted several witnesses at the scene) provoked a confrontation with the officer. Rather than talk about what had happened, Pitts, by his own admission, was hostile and abusive. When he was given an opportunity to give an account of what had happened, Pitts refused (OB at 3-4). While Pitts, who was charged, clearly had the right to decline to speak with the officer (and was so advised), he cannot be heard to complain now about the officer's failure to investigate, when in fact he failed to cooperate or participate.[1]

Finally, the plaintiff argues that Pitts was charged with misdemeanor offenses based on a "one-sided investigation" (Answering Memo, "AM" at 1). Yet Pitts, at his deposition, freely admitted to conduct that would support the charges of Aggravated Menacing, Assault Third Degree, Disorderly Conduct, Terroristic Threatening, and Criminal Trespass (OB at 1). He boasted that he was getting the better of Mitchem in the fight. In essence, Pitts does not dispute what Cpl. Spence learned from Mitchem and Wykpisz about the incident.[2] It is thus clear that the manner of Cpl. Spence's investigation had no bearing on the charges placed against Pitts and Mitchem.

## Standard of Review

As noted in the cases cited by the plaintiff (AM at 2), summary judgment must be granted, unless the plaintiff can identify triable issues of fact as to his claims of false arrest (absence of probable cause) and discrimination. The defense agrees that, in making this determination, the Court is bound to consider the facts from the point of view of the plaintiff. In that regard, the defense would encourage the Court to review the transcript of Pitts' own deposition as a point of reference. If the record, regarded from that standpoint, and in light of the admissions made, fails to disclose any credible evidence of false arrest or of discrimination, the defendant is entitled to judgment as a matter of law.

## Argument

With respect to the issue of probable cause to arrest, the plaintiff argues that "an altercation between two individuals does not necessarily mean that criminal activity is involved". (AM at 3). True enough. Police officers have been known to merely break up fights and send the participants home. But, where it is uncontested that one of the combatants is trespassing on the private property of another (as a business invitee who refused to leave

---

1. The plaintiff mentions Pauline Reid, who claims to have been at the scene when Pitts was arrested. It is by no means clear that Reid, whose deposition was taken by the plaintiff, had anything to offer regarding the fight, or that she approached the investigating officers with any information.
2. Pitts cannot rely on his subsequent acquittal, at a trial where Mitchem, facing similar charges, exercised his Fifth Amendment right to refrain from testifying, in support of his contention that Cpl. Spence lacked probable cause to arrest him at the scene.

when ordered to do so), engages in a physical altercation involving punches that are connecting to the extent he is getting the better of the fight, has to be scared off by a non-combatant, arms himself with a blunt instrument and returns to the scene of the fight, and threatens his adversary with harm, law enforcement officers are justified in making arrests and placing charges. Cpl. Spence, in this instance, reasonably relied on information from the other participant in the fight (who readily admitted his involvement) and a witness to the incident. Moreover, Pitts' deposition testimony concerning the incident reveals no material dispute with the version offered to the investigating officers by Mitchem and Wykpisz.[3] While the information gained at the scene may have been one-sided in terms of its source, due to Pitts' hostility and failure to cooperate, it was nonetheless consistent with Pitts' recollection of events. In point of fact, the information elicited from Mitchem and Wykpisz was remarkably balanced, to the extent that Mitchem was also charged with criminal offenses, based on his admissions, as corroborated by Wykpisz.[4]

Likewise, the allegations as to racial discrimination lack even the most basic foundation. The undisputed evidence is that a Caucasian police officer, upon learning of a fight between an African-American and a Caucasian, on the property of the Caucasian, arrested both individuals. Both the Caucasian (at the scene) and the African-American (in his sworn deposition testimony) admitted to conduct that would constitute the misdemeanor offenses with which each was charged. These facts fail to meet even the bare threshold for a claim of discrimination. There is no evidence of differential treatment by Cpl. Spence. Pitts acts as if he were somehow entitled to immunity from prosecution, due to his race, and despite his conduct. His claims would only make sense if Mr. Mitchem had not been charged by Cpl. Spence. In fact, Mitchem was not only charged, but subsequently entered a plea of guilty and is left with a conviction record. There is simply no evidence to support a claim of discrimination based on race.

## Conclusion

Cpl. Spence is entitled to qualified immunity in this matter, and therefore to dismissal of Pitts' lawsuit. The uncontroverted record shows that he investigated an altercation, identified the participants, and arrested both on misdemeanor offenses. Both arrests were supported by ample probable cause. Even today, after discovery in this case, there are no serious discrepancies in the accounts of what happened. The investigation was fair and evenhanded. Mr. Mitchem was arrested and charged, despite the fact that Pitts was hostile and refused to cooperate with the investigation. There is not a shred of evidence to support the claim of false arrest, nor is there a shred of evidence to suggest discrimination on the part of the officer. Cpl. Spence is entitled to judgment, as a matter of law.

---

3. The plaintiff argues that Wykpisz should have been charged with Assault on Pitts (AM at 6). There is no evidence that Wykpisz struck Pitts, or did anything more than break up the fight and scare him away. None of the elements of Assault, 11*Del.C.* §611, were present.
4. There is no evidence of record that Pauline Reid, plaintiff's witness, would have contradicted this version of events. At the time of her deposition, she was unable, perhaps due to lack of memory, to give a coherent account of the altercation.

                    Respectfully submitted,

                    /s/Ralph K. Durstein III (#0912)
                    Deputy Attorney General
                    Major Litigation Unit
                    Civil Division
                    Department of Justice
                    State of Delaware

xc:  Mr. Pitts
     Mr. Brown (courtesy copy)