IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTLAND C. PITTS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-185-JJF |
| | : |
| GREGORY SPENCE, | : |
| | : |
| Defendant. | : |

**O R D E R**

WHEREAS, Plaintiff Courtland C. Pitts filed a Motion To Re-Open Fact Discovery And For Discovery Sanctions (D.I. 88);

WHEREAS, Plaintiff alleges in his Motion that Defendant Gregory Spence failed to timely disclose the identities of other police officers present at the incident giving rise to the instant litigation;

WHEREAS, in response to Plaintiff's Interrogatory No. 10 seeking the identity of other officers at the scene, Defendant unequivocally stated in May 2006 that there were no other officers at the scene (see D.I. 88, Exh. D at PITTS609) and later confirmed to the Court that this response was "full and complete" (D.I. 33 ¶ 2);

WHEREAS, in August 2006, Defendant confirmed in a letter to Plaintiff that he did "not have the names of any other officers or witnesses at the scene" (D.I. 32, Exh. A);

WHEREAS, in January 2009, shortly before trial and after the close of discovery, Defendant nevertheless explained in a letter to Plaintiff that "the defense will not call Helen Zane, the other trooper <u>who was at the scene</u>" and that Plaintiff had "evinced an interest in her testimony, at one point when he was representing himself" (D.I. 88, Exh. A (emphasis added));

WHEREAS, the Court concludes that in light of the above facts there is reason to believe Officer Zane was at the scene and may hold relevant, discoverable information and that Defendant was on notice that Plaintiff had been seeking this information, even as a <u>pro se</u> litigant;

WHEREAS, Defendant objects to the deposition of Officer Zane on the grounds that Plaintiff had "every opportunity to pursue discovery on this issue" but failed to diligently do so (D.I. 90 ¶ 10);

WHEREAS, for the reasons set forth above, the Court finds that Plaintiff had, in fact, sought discovery on this issue and that Defendant was on notice of this;

WHEREAS, the Court further finds that Plaintiff has been diligent in seeking the instant discovery;

WHEREAS, the Court also finds that, in the circumstances present here, Defendant should have provided Officer Zane's name to Plaintiff in response to Plaintiff's discovery requests during the discovery period; Defendant's

failure in this regard caused Plaintiff to file the instant Motion to re-open discovery;

WHEREAS, the Court finds that, although Defendant should have provided Officer Zane's identity, Plaintiff was aware of Officer Zane's presence at some point during the alleged events; in these circumstances, the Court finds the present status of discovery related to Officer Zane to be an innocent lapse by Defendant and that fees should not be awarded;

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 88) is **GRANTED** to the extent it seeks a deposition and document discovery from Officer Zane; this discovery shall be commenced and completed no later than March 2, 2009; the request for fees and costs is **DENIED**.

February 11, 2009
DATE

_____
UNITED STATES DISTRICT JUDGE

3