IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURTLAND C. PITTS,<br><br>        Plaintiff,<br><br>v.<br><br>CPL. GREGORY SPENCE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-0185-JJF |

## PLAINTIFF COURTLAND C. PITTS' OPENING BRIEF IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND EXPENSES

                                            John W. Shaw (No. 3362)
                                            Karen E. Keller (No. 4489)
                                            James L. Higgins (No. 5021)
                                            YOUNG CONAWAY STARGATT
                                                & TAYLOR, LLP
                                            The Brandywine Building
                                            1000 West Street, 17th Floor
                                            Wilmington, DE 19801
                                            (302) 571-6600
                                            kkeller@ycst.com

                                            *Counsel for Plaintiff Courtland C. Pitts*

Dated: March 27, 2009

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS, SUMMARY OF
ARGUMENT AND STATEMENT OF FACTS ...................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    Standard of Review ................................................................................................ 1

        A.    The General Attorneys' Fees Standard under
             the Civil Rights Attorneys' Fees Awards Act of 1976 ........................... 1

        B.    Court Appointed Counsel Are Covered by the
             Civil Rights Attorneys' Fees Awards Act of 1976 ................................ 3

        C.    Calculation of the Lodestar is Straightforward ...................................... 3

    II.   Mr. Pitts is the Prevailing Party and is Entitled to a
        Recovery of Attorneys' Fees ................................................................................. 4

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abrams v. Lightolier, Inc.*,
  50 F.3d 1204 (3d Cir. 1995) ............................................................................................. 4

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986) .......................................................................................................... 4

*Costello v. Daddario*,
  710 F. Supp. 1035 (E.D. Pa. 1989) ............................................................................... 1, 2

*Eichenlaub v. Twp. of Indiana*,
  214 Fed. Appx. 218 (3d Cir. 2007) .................................................................................. 2

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................................. 1, 2, 3

*Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*,
  487 F.2d 167 (3d. Cir. 1973) ........................................................................................... 4

*Planned Parenthood v. AG*,
  297 F.3d 253 (3d Cir. 2002) ............................................................................................ 3

*Rodriguez v. Taylor*,
  569 F.2d 1231 (3d Cir. 1977) .......................................................................................... 3

*Sokolove v. City of Rehoboth Beach*,
  C.A. No. 05-514-GMS,
  2008 U.S. Dist. LEXIS 69312 (D. Del. Sept. 12, 2008) ............................................ 2, 3, 4

*Torres v. Sachs*,
  538 F.2d 10 (2d Cir. 1976) .............................................................................................. 3

**Statutes**

42 U.S.C. § 1983 ................................................................................................................. 1, 4

42 U.S.C. § 1988(b) ............................................................................................................. 1, 4

**Rules**

Fed. R. Civ. P. 54 ..................................................................................................................... 4

DB02:7940874.1                                                                                                                              900006.1067

Plaintiff Courtland C. Pitts, hereby moves, as authorized by Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988, for the attorneys' fees and expenses incurred in bringing and prevailing in this civil rights action. The grounds for this motion are set forth more fully below.

## NATURE AND STAGE OF PROCEEDINGS, SUMMARY OF ARGUMENT AND STATEMENT OF FACTS

Mr. Pitts brought this action alleging that defendant Corporal Spence violated his civil rights under 42 U.S.C. § 1983. The complaint alleged that defendant's actions constituted a violation of Mr. Pitts' right to equal protection under the Fourteenth Amendment to the United States Constitution and unreasonable search and seizure under the Fourth Amendment to the United States Constitution. On March 10, 2009, the jury returned a verdict against the defendant finding that defendant had violated Mr. Pitts' Fourteenth and Fourth Amendment rights. (D.I. 107). The jury awarded Mr. Pitts $80,000 in compensatory damages and $1,000 in punitive damages. (*Id.*). The Court entered judgment against the defendant on March 13, 2009. (D.I. 110).

## ARGUMENT

I.  **Standard of Review**

   A.   **The General Attorneys' Fees Standard under the Civil Rights Attorneys' Fees Awards Act of 1976.**

A party who prevails in a lawsuit alleging claims under 42 U.S.C. § 1983 is entitled to its reasonable attorneys' fees under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988(b). Such an award of attorneys' fees is in the court's discretion; however, absent special circumstances the fees should be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Costello v. Daddario*, 710 F. Supp. 1035, 1040 (E.D. Pa. 1989). A plaintiff need not succeed on all counts brought to obtain an award under 42 U.S.C. § 1988(b). *Hensley*, 461 U.S. at 432.

The degree of plaintiff's success is relevant to the amount of fees, but the court may also look to the following additional factors in determining an adequate fee award:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to the acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the 'undesirability' of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3; *see also Sokolove v. City of Rehoboth Beach*, C.A. No. 05-514-GMS, 2008 U.S. Dist. LEXIS 69312, at *4 (D. Del. Sept. 12, 2008). "It is intended that the amount of the fees awarded…be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases…" *Hensley*, at 430 n.4 (quoting S. Rep. No. 94-1011, p. 6 (1976)).

An award of fees pursuant to 42 U.S.C. § 1988(b) is determined by calculating the "lodestar" amount. *Hensley*, 461 U.S. at 432; *see also Sokolove*, 2008 U.S. Dist. LEXIS 69312, at *3. The lodestar amount is a reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. *Id.* "There is a strong presumption that the 'lodestar' amount is reasonable." *Eichenlaub v. Twp. of Indiana*, 214 Fed. Appx. 218, 222 (3d Cir. 2007). Furthermore, in calculating a fee award, it is not necessary to separate time spent on unsuccessful claims where the facts applicable to each claim are interrelated and the claims themselves are also closely related. *Id.*; *Costello*, 710 F. Supp. at 1040. Finally, "[w]here plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will

encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.

The Civil Rights Attorneys' Fees Awards Act of 1976 also authorizes an award of expenses. *Planned Parenthood v. AG*, 297 F.3d 253, 267 (3d Cir. 2002). "The authority granted in § 1988 to award a 'reasonable attorneys' fee' includes the authority to award 'reasonable out-of-pocket expenses . . . normally charged to a fee-paying client, in the course of providing legal services.'" *See id.* (internal citations omitted).

B. **Court Appointed Counsel Are Covered by the Civil Rights Attorneys' Fees Awards Act of 1976.**

The fact that the counsel is not being compensated by their client does not disqualify them from receiving an award of attorneys' fees; it is the attorney-client relationship that establishes such entitlement. *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir. 1977) (finding as general matter, a fee award "is not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards."); *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976) (rejecting argument that public service and pro bono counsel are not entitled to full compensation under the statute). In short, "a prevailing plaintiff should ordinarily recover on attorneys' fees unless special circumstances would render such an award unjust." *Hensley*, at 429 (quoting S. Rep. 94-1011, p. 6 (1976)).

C. **Calculation of the Lodestar is Straightforward.**

To substantiate a claim for fees, the movant need only provide as part of its fee application "some fairly definite information as to the hours devoted to various general activities, e.g. pretrial discovery, settlement negotiation, and the hours spent by various classes of attorneys." *Sokolove*, 2008 U.S. Dist. LEXIS 69312, at *9. A detailed, minute-by-minute record

3

of time spent on the litigation is not required. *Id., see also Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 167 (3d. Cir. 1973) (stating that "[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."). Furthermore, a court will consider an attorneys' hourly rate to be reasonable if it is comparable to the prevailing market rate for attorneys with similar experience and skills. *Id.*, at *15-*16. Finally, the court may not reduce a fee award simply because it exceeds the damages award. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1222 (3d Cir. 1995) (affirming district court award of $546,379.59 in fees where the damages award was $473,953.00); *see also City of Riverside v. Rivera*, 477 U.S. 561, 571 (1986) (affirming fee award of $ 245,456 where damages were $33,350).

## II.  Mr. Pitts is the Prevailing Party and is Entitled to a Recovery of Attorneys' Fees

The jury in this case returned a verdict finding that defendant's actions violated Mr. Pitts' rights under 42 U.S.C. § 1983 to equal protection and to be free from illegal search and seizure. (D.I. 107). Mr. Pitts was awarded compensatory damages in the amount of $80,000 and punitive damages in the amount of $1,000. (*Id.*). Mr. Pitts' claims all involved a common set of core facts and legal theories revolving around defendant's behavior after arriving on the scene of a fight at Mitchem's Auto Body Shop on April 3, 2003. *Abrams*, 50 F.3d at 1222. Mr. Pitts is thus the prevailing party under Fed. R. Civ. P. 54 and 42 U.S.C. § 1988(b) and is entitled to an award of his reasonable attorneys' fees.

Mr. Pitts initially filed this case as a *pro se* plaintiff, subsequently retained counsel who later moved to withdraw and then was appointed counsel by the Court to continue his representation after the summary judgment phase of the litigation. (D.I. 7, 49, 58, 60). The

Court appointed John Shaw, Esq. and the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") to represent Mr. Pitts for the remainder of the litigation. (D.I. 60).

The total reasonable fees expended, through March 13, 2009, in trying this case are $104,139.50.[1] *See* Shaw Declaration, ¶ 7. The attorneys at YCST spent a total of 332.4 hours through March 13, 2009 representing Mr. Pitts in this action. The usual and customary hourly rates of the attorneys at YCST who worked on this matter varied over the course of this action, as set forth in the Shaw Declaration. The background and experience of the YCST attorneys are described in the Shaw Declaration, ¶ 8. The hourly rates of the attorneys working on this matter are substantially similar to other Wilmington attorneys who litigate similarly complex federal litigation matters. Details about the standard and customary rates of other attorneys with similar experience are set forth in the Shaw Declaration, ¶ 9.

---

[1] This amount excludes $1950.00 which has been reimbursed by the Court pursuant to the Court's Standing Order for District Court Fund dated January 1, 2005.

## **CONCLUSION**

Plaintiff, Mr. Pitts, is the prevailing party in this matter and therefore respectfully requests that counsel be awarded $109,604.32 for work done and costs incurred.

                                          YOUNG CONAWAY STARGATT
                                          & TAYLOR, LLP

                                          /s/ Karen E. Keller
                                          John W. Shaw (No. 3362)
                                          Karen E. Keller (No. 4489)
                                          James L. Higgins (No. 5021)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE 19801
                                          (302) 571-6600
                                          kkeller@ycst.com

Dated: March 27, 2009                            *Counsel for Plaintiff Courtland C. Pitts*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 27, 2009, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Ralph K. Durstein, III, Esquire
>Department of Justice
>Carvel State Office Building
>820 North French Street
>Wilmington, DE  19801

I further certify that on March 27, 2009, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>kkeller@ycst.com
>
>*Attorneys for Plaintiff Courtland C. Pitts*