IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COURTLAND C. PITTS,         )
                                  )
            Plaintiff,     )
                                  )
            v.             )      Civil Action No. 05-185-JJF
                                  )
CPL. GREGORY SPENCE,     )
                                  )
            Defendant.   )

## PLAINTIFF COURTLAND C. PITTS' REPLY BRIEF IN
## SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND EXPENSES

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

*Counsel for Plaintiff Courtland C. Pitts*

Dated: April 27, 2009

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I.     SUMMARY OF ARGUMENT ............................................................... 1

II.    ARGUMENT .......................................................................................... 2

    A.    No Reason to Delay Determination of Fees Issue. .......................... 2

    B.    Plaintiff is Entitled to Full Amount of Costs Requested................. 3

    C.    The Amount of Fees Requested is Reasonable................................ 3

        1.    No Reduction to the Lodestar Amount Where Claims Are Intertwined ...................................................................... 3

        2.    Mr. Pitts' Attorneys' Hours and Rates Were Reasonable................... 5

            a.    YCST Rates ................................................................. 5

            b.    YCST Hours................................................................. 7

        3.    Mr. Pitts' Financial Circumstances are Unrelated to His Request for Fees .................................................. 14

        4.    Plaintiff's Claim Not For Personal Gain............................ 15

        5.    Court Should Not Consider the State's Ability to Pay ..................... 17

    D.    Mr. Pitts' Should be Awarded Additional Fees for Fee Application............. 17

III.    CONCLUSION...................................................................................... 18

DB02:8085362.1

900006.1067

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abrams v. Lightolier, Inc.*,
  50 F.3d 1204 (3d Cir. 1995) .................................................................... 4

*Allen v. Freeman*,
  694 F. Supp. 1554 (S.D. Fla. 1988) ..................................................... 5, 10

*Amico v. New Castle County*,
  654 F. Supp. 982 (D. Del. 1987) ............................................................ 17

*Captain Barbara Conley v. Colonel L. Aaron Chaffinch*,
  431 F. Supp. 2d 494 (D. Del. May 17, 2006) ......................................... 6

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986) ............................................................................... 12

*Covington v. District of Columbia*,
  57 F.3d 1101 (D.C. Cir. 1995) ................................................................ 6

*Farrar v. Hobby*,
  506 U.S. 103 (1992) ................................................................................. 4

*Gillen v. Gates*,
  847 F. Supp. 1475 (C.D. Cal. 1994) ...................................................... 4

*Hastert v. Illinois State Bd. of Election Commissioners*,
  28 F.3d 1430 (7th Cir. 1993) ................................................................ 14

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................. 3, 4

*Herrington v. County of Sonoma*,
  883 F.2d 739 (9th Cir. 1989) ........................................................... 14, 15

*Inmates of Alleghany County Jail v. Pierce*,
  716 F.2d 177 (3d Cir. 1983) ................................................................. 17

*Johnson v. University College of University of Alabama*,
  706 F.2d 1205 (11th Cir. 1983) ........................................................... 10

*Knop v. Johnson*,
  712 F. Supp. 571 (W.D. Mich. 1989) ................................................. 4, 10

*Kreutzer v. County of San Diego*,
  200 Cal. Rptr. 322 (Cal. 1984) ............................................................. 16

*Kurowski v. Krajewski*,
  848 F.2d 767 (7th Cir. 1988) ................................................................. 9

*Lindy Bros. Builders, Inc. of Philadelphia v.*
  *American Radiator & Standard Sanitary Corp.*,
  487 F.2d 161 (3d Cir. 1973) ................................................................. 8

ii

*McKnatt v. State of Delaware, Dept. of Public Safety,*
   C.A. No. 02-1659-SLR, 2005 U.S. Dist. LEXIS 9058
   (D. Del. May 12, 2005) ................................................................... 7

*Miller v. Carson,*
   563 F.2d 741 (5th Cir. 1977) .......................................................... 15

*Philips Elecs. N. Am. Corp. v. Contec Corp.,*
   C.A. No. 02-123-KAJ, 2005 U.S. Dist. LEXIS 3718
   (D. Del. Mar. 8, 2005) .................................................................... 2

*Prandini v. National Tea Co.,*
   585 F.2d 47 (3d Cir. 1978) ............................................................. 18

*Ridley v. Costco Wholesale Corp.,*
   217 Fed. Appx. 130 (3d Cir. 2007) .................................................. 5

*Rode v. Dellaciprete,*
   892 F.2d 1177 (3d Cir. 1990) .................................................... 7, 8, 9

*Rodriguez v. Taylor,*
   569 F.2d 1231 (3d Cir. 1977) ......................................................... 14

*Sas v. Trintex,*
   709 F. Supp. 455 (S.D.N.Y. 1989) ................................................. 16

*Sheets v. Salt Lake County,*
   45 F.3d 1383, 1391 (10th Cir. 1995) ................................................ 5

*Soba v. McGoey,*
   761 F. Supp. 273 (S.D.N.Y. 1991) ................................................... 7

*Stacy v. Stroud,*
   845 F. Supp. 1135 (S.D. W. Va. 1993) ............................................. 5

*State v. Philip Morris USA, Inc.,*
   C.A. No. 2088-N, 2006 Del. Ch. LEXIS 203
   (Dec. 12, 2006) ............................................................................... 7

*Torres v. Sachs,*
   538 F.2d 10 (2d Cir. 1976) ............................................................. 15

*Toussaint v. McCarthy,*
   826 F.2d 901 (9th Cir. 1987) ............................................................ 6

*Ward v. Kelly,*
   515 F.2d 908 (5th Cir. 1975) .......................................................... 10

*Washington v. Philadelphia County Court of Common Pleas,*
   89 F.3d 1031 (3d Cir. 1996) ............................................................. 5

*West Virginia Univ. Hospital v. Casey,*
   898 F.2d 357 (3d Cir. 1990) ........................................................... 13

*Zarcone v. Perry,*
   581 F.2d 1039 (2d Cir. 1978) ......................................................... 15

DB02:8085362.1

900006.1067

**Rules**

Fed. R. Civ. P. 50 ................................................................................................................ 2

Fed. R. Civ. P. 54 ............................................................................................................ 1, 2

**Statutes**

42 U.S.C. § 1981 .............................................................................................................. 16

42 U.S.C. § 1983 ....................................................................................................... 5, 9, 16

42 U.S.C. § 1988 ........................................................................................................ passim

42 U.S.C. § 2000 .............................................................................................................. 16

DB02:8085362.1                                                                              900006.1067

Plaintiff Courtland C. Pitts submits this reply brief in further support of his motion for attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988.

## I.   SUMMARY OF ARGUMENT

A.  The Court can decide plaintiff's motion for attorneys' fees concurrently with defendant's motion for judgment as a matter of law and any delay would be prejudicial to plaintiff.

B.  Defendant does not dispute the amount of costs requested by plaintiff and therefore the Court should award plaintiff his costs in the amount of $6,090.62.

C.  Mr. Pitts is the prevailing party because the successful claims are not distinct in all respect from the unsuccessful claims.  Furthermore, no special circumstances justify a denial of fees in this case.

D.  Mr. Pitts' attorneys' rates and hours were reasonable and the evidence provided by plaintiff in support of its request is sufficient under Third Circuit law.  Defendant provided no evidence that the rates are unreasonable and therefore the Court should adopt plaintiff's counsel's hourly rates in calculating the lodestar amount.  Furthermore, counsel exercised their regular and ordinary business judgment as they to a typical business client to ensure that the hours billed were not excessive, redundant or unnecessary.

E.  Mr. Pitts' ability to retain counsel is not a basis for the Court to deny fees.

F.  Mr. Pitts is not obligated to show his action provided a direct benefit to others to recover fees.

G.  The ability of the state of Delaware or the defendant to pay the fees is irrelevant to the analysis under 42 U.S.C. § 1988.

H. Defendant does not dispute that Mr. Pitts is entitled to his fees and expenses incurred in litigating this fee application and therefore Mr. Pitts should be awarded these fees and expenses.

## II.  ARGUMENT

### A.  No Reason to Delay Determination of Fees Issue.

Defendant's suggestion that the Court should delay any determination of a fee award pending its ruling on the defendant's motion for judgment as a matter of law would cause unnecessary delay at the plaintiff's expense and waste precious judicial resources. The Court can decide the plaintiff's motion for fees concurrently with the defendant's motion for judgment as a matter of law, and frequently these post-trial issues are decided together. *See, e.g., Philips Elecs. N. Am. Corp. v. Contec Corp.*, C.A. No. 02-123-KAJ, 2005 U.S. Dist. LEXIS 3718 (D. Del. Mar. 8, 2005) (denying motion for judgment as a matter of law and granting motion for attorneys' fees and expenses).

Mr. Pitts agrees that if the Court grants defendant's motion for judgment as a matter of law in its entirety, that plaintiff is not entitled to an award of fees. With that in mind, counsel for plaintiff approached defendant's counsel regarding a stipulation whereby the parties would agree that plaintiff is the prevailing party for purposes of Federal Rule of Civil Procedure 50 and 42 U.S.C. § 1988, and the parties would set a briefing schedule on the issue of the amount of fees following the Court's decision on any motion for judgment as a matter of law. Defendant would not agree to such a stipulation and therefore pursuant to Federal Rules of Civil Procedure 50 and 54, and 42 U.S.C. § 1988, Mr. Pitts filed this motion requesting his attorneys' fees and expenses so as not to waive his right to any such relief.

**B.      Plaintiff is Entitled to Full Amount of Costs Requested.**

Plaintiff's motion requested $5,464.82 in compensable expenditures through March 13,

2009.  (Decl. of J. Shaw (D.I. 114) at ¶ 3.)  The Declaration of Karen E. Keller, Esq. filed

concurrently with this brief requests additional expenditures from March 14, 2009 through April

27, 2009 in an amount of  $625.80.  (*See* Decl. of Karen E. Keller, Esq. at ¶ 7).  Defendant does

not dispute the amount of costs sought by plaintiff in this case.  (Def. Ans. Br. (D.I. 119) at 4.)

Therefore, the Court should award plaintiff the total amount requested – $6,090.62.

**C.      The Amount of Fees Requested is Reasonable.**

As stated in Mr. Pitts' Opening Brief (D.I. 115), "[t]here is a strong presumption that the

lodestar amount (reasonable number of hours spent times a reasonable hourly rate) is

reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983).

**1.      No Reduction to the Lodestar Amount Where Claims
         Are Intertwined**

A successful plaintiff in a civil rights action should "ordinarily recover an attorney's fee

unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429

(internal citations omitted).  The only requirement for a civil rights plaintiff to recover his fees

under 42 U.S.C. § 1988 is that the plaintiff must be a "prevailing party." *Id.* at 433.  Contrary to

defendant's assertion in his answering brief, a successful plaintiff should not have their fee

award reduced "simply because the plaintiff failed to prevail on every contention raised in the

lawsuit." *Id.* at 435.  Only where a plaintiff fails to prevail on a claim that is "distinct in all

respects from his successful claims" should the hours spent on the unsuccessful claims be

deducted from the total fee award. *Id.* at 440.  A plaintiff prevails "when actual relief on the

merits of his claim materially alters the relationship between the parties by modifying the

3

defendant's behavior in such a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103 (1992).

Mr. Pitts prevailed in his claims for violation of his right to equal protection and to be free from unreasonable search and seizure. Although the jury did not find in Mr. Pitts' favor on his claims for malicious prosecution and false arrest, those claims were not "distinct in all respects from his successful claims." *See Hensley*, 461 U.S. at 440. The allegations in this case all arose out of the same core set of theories and facts regarding defendant's course of conduct after arriving on the scene of a fight at Mitchem's Auto Body Shop on April 3, 2003. (*See* Final Jury Instructions (D.I. 103) at 14-23); (*see also* Pltf. Closing Argument Day 2 Trial Tr. 26:15-43:8 (D.I. 118)); *see also Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1222 (3d Cir. 1995); *Knop v. Johnson*, 712 F. Supp. 571, 575 (W.D. Mich. 1989) (holding that claims may be considered related where they "seek relief for essentially the same course of conduct").

Moreover, the *Farrar* case cited by the defendant is inapposite. In that case, the Supreme Court found that the plaintiff was the prevailing party for purposes of 42 U.S.C. § 1988, but chose not to award fees because the plaintiff obtained only a nominal damages award of $1. *Farrar v. Hobby*, 506 U.S. 103 (1992); *but see Gillen v. Gates*, 847 F. Supp. 1475, 1481 (C.D. Cal. 1994) (declining to reduce fees where plaintiff received only nominal damages award of $1 and punitive damages of $3,000 for illegal search and seizure claim because plaintiff "vindicated her constitutional right" and "'sent a message'" to the wrongdoers).

That is not the case here. The jury awarded Mr. Pitts a compensatory damages award of $80,000 and a punitive damages award of $1,000 – by no means a "nominal" award. This case is more like the case of *Stacy v. Stroud*, where another district court rejected *Farrar*, finding that fees could be awarded where the jury awarded the plaintiff more than $4,000 where prison

4

officials "deprived the plaintiff of his federally-protected civil rights."  845 F. Supp. 1135, 1139 (S.D. W. Va. 1993).

Therefore, because Mr. Pitts received more than nominal damages and because there is no "cogent way to determine where to draw the line between the various claims" the court must not reduce Mr. Pitts' fee award based on the successful and unsuccessful claims in this litigation. *Allen v. Freeman*, 694 F. Supp. 1554 (S.D. Fla. 1988) (finding allegations against police officers that "arose out of same transactions and occurrences and involved 42 U.S.C. § 1983 claims" were related and therefore court should not deduct from hours submitted the time spent on unsuccessful claims).  Mr. Pitts is the prevailing party for purposes of 42 U.S.C. § 1988 and is therefore entitled to an award of his reasonable attorneys' fees and expenses.

### 2.      Mr. Pitts' Attorneys' Hours and Rates Were Reasonable

### a.      YCST Rates

Defendant argues that plaintiff's rates are excessive but submits no evidence aside from argument in his brief to dispute plaintiff's evidence that such rates are reasonable.  A court cannot "dispose of such a factual question 'based upon a generalized sense of what is customary or proper, but rather must rely upon the record.'"  *Smith v. Philadelphia Housing Authority*, 107 F.2d 223, 226 (3d Cir. 1997) (internal citations omitted).  If the defendant fails to provide evidence to contest plaintiff's evidence, then the Court must award fees at plaintiff's requested rates.  *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996); *Ridley v. Costco Wholesale Corp.*, 217 Fed. Appx. 130, 139 (3d Cir. 2007) (refusing to adjust rate downward where defendant did not submit any affidavits as to a reasonable hourly rate but only objected in its brief); *Sheets v. Salt Lake County*, 45 F.3d 1383, 1391 (10th Cir. 1995) (finding district court awarded appropriate fee, particularly where defendants failed to

provide any evidence that fees were unreasonable aside from argument); *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987) (approving plaintiff's requested hourly rate where defendant did not present affidavits contesting the reasonableness of the rates or hours expended). Defendant did not provide any affidavits or other record evidence aside from argument in his answering brief that plaintiff's counsel's hourly rates are unreasonable.  Therefore, on this ground alone, defendant's argument fails.

Mr. Pitts submitted contemporaneously with his opening brief the Declaration of John W. Shaw, Esq. in Support of Plaintiff Courtland C. Pitts' Motion for Attorneys' Fees and Expenses (D.I. 114) setting forth the reasonable market rates for attorneys involved in complex federal civil litigation in Wilmington, Delaware.  Specifically, this declaration and the accompanying exhibits set forth record evidence in the form of fee petitions from bankruptcy court in this district demonstrating that the requested rates are comparable to the billing rates of other Wilmington attorneys practicing similar types of complex federal litigation.  (*See* Decl. of J. Shaw (D.I. 114) at ¶ 9, Exhs. A-C); *see also Covington v. District of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995) (holding district court "did not err in determining that *complex federal litigation* was the relevant market for purposes of establishing the prevailing market rates" in D.C. in a case governed by 42 U.S.C. § 1988).

Second, the State of Delaware Department of Justice Deputy Attorney Generals, including Mr. Durstein, frequently handle complex civil litigation and therefore the rates provided by plaintiff for attorneys in complex civil litigation are comparable and reasonable. *See, e.g., Captain Barbara Conley v. Colonel L. Aaron Chaffinch*, 431 F. Supp. 2d 494 (D. Del. May 17, 2006) (employment gender discrimination suit where Mr. Durstein was one of the lawyers representing defendants); *McKnatt v. State of Delaware, Dept. of Public Safety*, C.A.

6

No. 02-1659-SLR, 2005 U.S. Dist. LEXIS 9058 (D. Del. May 12, 2005) (gender discrimination and sexual harassment suit pursuant to Title VII of Civil Rights Act of 1964 where Mr. Durstein was one of the lawyers representing defendant); *State v. Philip Morris USA, Inc.*, C.A. No. 2088-N, 2006 Del. Ch. LEXIS 203 (Dec. 12, 2006) (lawsuit involving motion to compel arbitration of a dispute with the State of Delaware where Mr. Durstein was counsel for the State of Delaware).

Furthermore, courts have rejected the claim that hourly rates charged by attorneys are unreasonable because they do not have civil rights litigation experience, stating "[i]f the Court had to rely on such attorneys to handle the many pro se cases on its docket such as this, the Court's backlog would be mammoth." *Soba v. McGoey*, 761 F. Supp. 273, 278 (S.D.N.Y. 1991).

> In many cases firms handling such cases on a pro bono basis are unsuccessful, are not entitled to recover attorneys' fees and expenses and suffer financially. When their client prevails, however, there is no reason why they should not be paid for their services at appropriate rates for the time required to handle the representation in a highly professional manner.

*Id.*

The defense has provided no record evidence to the Court aside from a generalized argument of what is "customary or proper." Such generalized arguments are insufficient to contest the affidavit and fee petition evidence provided by Mr. Pitts that such rates are reasonable for complex civil litigation and therefore the Court should adopt the hourly rates requested by Mr. Pitts in calculating the lodestar amount.

### b.    YCST Hours

Defendant's argument that the work done in this matter was excessive or duplicative is belied by the evidence submitted to the Court which is "specific enough for the district court to decide if the work is proper and compensable." *Rode v. Dellaciprete*, 892 F.2d 1177, 1189 (3d Cir. 1990). Contrary to defendant's argument, "it is not necessary to know the exact number of

7

minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973).  The Third Circuit in *Rode*, held that an application for attorneys' fees containing the following information, by month, was sufficient for the court to decide if the work was proper and therefore an award of fees was appropriate:

> Listed below is the time devoted to this action by each attorney and law clerk/paralegal with a general indication of the legal issue involved.
>
> 1.    Time of Laurence W. Dague, Esquire:  Settlement: 12.9 hours;  Application for Attorney's Fees: 4.1 hours;  and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.3 hours.  Total hours: 18.3.
>
> 2.    Time of Dianne E. Dusman, Esquire:  Settlement: 1.8 hours;  Trial Brief: 5.2 hours; and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 2 hours.  Total hours: 7.2.
>
> 3.    Time of Carol L. Karl, law clerk/paralegal:  Settlement: 1.9 hours; and miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.8 hours. Total hours: 3.7.
>
> 4.    Time of Michael Fenten, law clerk: miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 2 hours.  Total hours: 2.

892 F.2d at 1191 n.13.

The court described this report as "very specific," and that this report:

> provided enough information as to what hours were devoted to various activities and by whom for the district court to determine if the claimed fees are reasonable.

892 F.2d at 1190-91 (internal citations omitted).

The Declaration of John W. Shaw submitted with Plaintiff's Opening Brief (D.I. 114) sets forth, in the form approved in *Rode*, a description, by month and by attorney, of the tasks

8

performed to secure the verdict in this case. The declaration also describes the nature of the expenditures incurred. Defendant complains that plaintiff's use of summary categories and specifically the "general case work-up and miscellaneous" category is somehow inappropriate because it does not allow an explanation of the work that was actually done. The format submitted by plaintiff and specifically the "general case work-up" category, however, is analogous to the format and specifically the "miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses" category approved by the Third Circuit in *Rode*. *See Rode*, 892 F.2d at 1191 n.13.

One reason for this approach is that the parties are still in the midst of litigating this matter. Defendant has a motion for judgment as a matter of law pending and there is still the possibility that the defendant may appeal the verdict or a new trial may be ordered. The disclosure of detailed billing entries could potentially waive attorney work product and privileged information as it relates to the pending litigation and/or give defendant insight into trial and appellate strategy. Therefore there is some policy interest in courts allowing parties to submit such generalized categories.

Defendant's brief also asserts that plaintiff's counsel "over-lawyered" the case or billed redundant or excessive hours. There is nothing "inherently unreasonable about a client having multiple attorneys" and courts have awarded fees in § 1983 actions where the plaintiff was represented by more than one attorney. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988); *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) (noting the "use of two (or more) lawyers, which solvent clients commonly pay for because the believe the extra help beneficial, may well reduce the total expenditures by taking advantage of the division of labor"); *Johnson v. University College of University of Alabama*, 706 F.2d 1205,

9

1208 (11th Cir. 1983) (stating "[t]he use in involved litigation of a team of attorneys who divide up the work is common today for both plaintiff and defense work"); *Allen*, 694 F. Supp. 1554 (finding two attorneys working on § 1983 case not unreasonable).  Multiple attorneys may work on a matter so long as they are not "unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302; *Johnson*, 706 F.2d at 1208 (finding a reduction warranted "only if the attorneys are *unreasonably* doing the *same* work.") (emphasis in original).  "An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Johnson*, 706 F.2d at 1208; *see also Ward v. Kelly*, 515 F.2d 908, 912 n. 11 (5th Cir. 1975) (noting that civil rights plaintiffs are not limited to one attorney but only that the district judge must be sure the award reflects each attorney's "distinct contributions to the case."); *Knop*, 712 F. Supp. at 578 (holding fees reasonable and not considered duplicative or excessive for partner time spent conferring with associates).

In submitting its fee petition and preparing the declaration in support of the petition, Mr. Shaw utilized his "regular and ordinary billing judgment to examine the recorded time and ensure that the recorded time was reasonable, e.g., that it was not excessive, redundant, or otherwise unnecessary to the successful preparation and trial of this matter." (Decl. of J. Shaw (D.I. 114) at ¶ 3.)  To that extent, any time that would not normally be charged to private clients was excluded from the fee application. (*Id.* at ¶ 4.)  The Court must not now, as defendant requests, "Monday-morning quarterback" but instead should assume that if the hours spent could have properly been billed to a client they reflect a reasonable amount of time spent. *See Major v. Treen*, 700 F. Supp. 1422, 1429 (E.D. La. 1988) (refusing to reduce fees by 50% across the board where such a reduction was unsupported by the evidence); *Allen v. Freeman*, 694 F. Supp. 1554

10

(S.D. Fla. 1988) (finding defendant's assertion that hours were unreasonable to be unsupported by the record and nothing that a "court cannot piecemeal deduct hours expended without some indication that the work was unreasonable.") Furthermore, "[i]n the typical civil rights case, where virtually all the evidence and witnesses are in the hands of the defendants and where the plaintiffs have the burden of proof, it can be expected that plaintiffs' lawyers must spend more time than defendants." *Major*, at 1430.

Therefore, the mere fact that Mr. Pitts had three attorneys working on this matter is not per se unreasonable. The trial team in this case divided up tasks and assignments as is typical in litigation. For example, Ms. Keller did the preparation and examination of Ms. Reid and Mr. Pitts, at approximately 15 hours per witness, and Mr. Higgins did the preparation and examination of Mssrs. Wykpisz and Mitchem, at approximately 15 hours per witness. (*See* Decl. of J. Shaw (D.I. 114) at ¶ 5.) Although each of these witnesses had been deposed, they also each posed different challenges and tasks to prepare for their testimony at trial. For example, Ms. Keller met with Mr. Pitts on two occasions to prepare for his testimony. Ms. Reid was a third party witness with some previous testimony but also had some failure of memory and therefore her trial outlines needed to be much more detailed. Mssrs. Wykpisz and Mitchem were potentially hostile witnesses and therefore Mr. Higgins needed to prepare trial outlines to elicit testimony in both a leading and non-leading manner depending on their demeanor on the stand at trial. Such distinct contributions and divisions of work show the reasonableness of plaintiff's request for fees.

Defense counsel complains of the time devoted by plaintiff's counsel drafting motions *in limine* arguing, "defense counsel would deny spending more than a fraction of that time on the equivalent tasks on behalf of Cpl. Spence." (Def. Ans. Br. (D.I. 119) at 14.) But defendant fails

11

to tell us how much time he spent on the same activities. Time spent by the defendant, however, is not controlling in the number of hours requested by the plaintiff. *Major*, at 1430.

Furthermore, the numbers set forth in defendant's brief are not those simply for drafting the motions *in limine* and their respective responses, but also includes the drafting of the pretrial order and jury instructions and attendance at the pretrial hearing. To provide more detail, however, Mr. Higgins researched and drafted the motion *in limine* to preclude evidence related to Mr. Pitts' 1982 and 1998 convictions which totaled approximately 24.3 hours. Ms. Keller researched and drafted the motion *in* limine regarding Mr. Pitts' acquittal on the criminal charges which totaled approximately 9.9 hours. Mr. Pitts' motion *in limine* to preclude evidence of his prior convictions was granted by the Court and the Court provided an instruction to the jury that the relevant underlying criminal proceedings ended in Mr. Pitts' favor. (D.I. 81.)

Though defendant argues that this case involves the preparation of a "standard pre-trial order" it is important to note that plaintiff did the majority of the drafting of all sections of the pretrial order and submitted the only proposed jury instructions.[1]

Defendant also complains that counsel's hours were excessive in preparing for the Zane deposition and in litigating other portions of the case. Defense counsel, however, cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. 1980) (*en banc*)). Much of plaintiff's counsel's time was spent litigating issues that could have been resolved without the involvement of the Court, but it was defendant who forced plaintiff to move for relief. For instance, defendant's

---

[1]    In fact, despite numerous emails and phone calls prior to the due date, plaintiff was unable to obtain authorization from defendant's counsel to file the pretrial order as counsel for defendant was out of the office on the date it was to be filed. (D.I. 66 at 1 n.1.)

12

withholding of Corporal Zane's identity and then his refusal to simply allow plaintiff the opportunity to depose Corporal Zane could have alleviated both the parties' and the Court's time briefing a motion to re-open fact discovery. Prior to her deposition, plaintiff could not have known that Corporal Zane would only have a vague recollection of the incident on April 3, 2003. All witnesses had testified that there was at minimum a second officer at the scene who witnessed the events between Corporal Spence and Mr. Pitts and who transported Mr. Mitchem to the police station. Therefore counsel prepared for this deposition, as with any other witness who may have potentially discoverable information.

Plaintiff's counsel was also prepared to go forward with trial on January 12, 2009 until less than two business days prior to the start of trial, *defendant's* counsel called to request a continuance because due to his failure to inform his client of long-scheduled trial date, his client had a previously scheduled cruise vacation out of the country. (*See* D.I. 84.) This last minute delay in the trial date required plaintiff's counsel to have to redo some pretrial preparation, including such tasks as witness preparation. Any duplication and lost productivity by plaintiff's counsel as a result of defendant's lack of communication with his client is not plaintiff's fault and defendant should not be heard to complain to the contrary.

Counsel exercised care and judgment in measuring and billing its time in this matter and has excluded any redundant, unnecessary or excessive time in preparing its fee petition to the Court. "In the absence of evidence to the contrary," the Court should "believe that counsel" was "intellectually honest with the court and their opponents and properly allocated the hours worked and the measurement of time." *West Virginia Univ. Hospital v. Casey*, 898 F.2d 357, 365 (3d Cir. 1990).

DB02:8085362.1                                                                                            900006.1067

**3.      Mr. Pitts' Financial Circumstances are Unrelated to
His Request for Fees.**

Defendant's answering brief asserts that Mr. Pitts should bear his own legal expenses

because there was no showing made by Mr. Pitts that he was unable to afford counsel.  First, "the

plaintiff's financial ability to retain private counsel is not a special circumstance necessitating

denial of a fee request." *Herrington v. County of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989);

*Hastert v. Illinois State Bd. of Election Commissioners*, 28 F.3d 1430, 1443 (7th Cir. 1993)

(reversing district court's determination that plaintiff's ability to pay constitutes a special

circumstance precluding an award of fees).

Second, the Standing Order of the Court regarding the establishment of the Federal Civil

Panel provides that "[u]pon the determination by the Court that representation of a *pro se*,

indigent party is warranted, the Court may enter a minute order…approving the referral to an

attorney pursuant to the procedures set forth herein." *See* District of Delaware Standing Order

Establishing the Federal Civil Panel to Provide Legal Assistance to Indigent Parties in Certain

Civil Litigation.  This Court referred the action to the Federal Civil Panel on November 8, 2007

to determine if an attorney was available to represent Mr. Pitts.  (D.I. 58.)  Mr. Pitts was

therefore found to be an "indigent" party for whom the Court was authorized pursuant to the

Standing Order to appoint an attorney from the Federal Civil Panel.

Moreover, as stated in plaintiff's opening brief, the fact that the counsel is appointed by

the Court and appearing *pro bono* does not disqualify him from receiving an award of attorneys'

fees; it is the attorney-client relationship that establishes such entitlement.  *Rodriguez v. Taylor*,

569 F.2d 1231, 1245 (3d Cir. 1977) (holding as general matter, a fee award "is not obviated by

the fact that individual plaintiffs are not obligated to compensate their counsel.  The presence of

an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.");

14

*Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976) (rejecting argument that public service and *pro bono* counsel are not entitled to full compensation under the statute); *Miller v. Carson*, 563 F.2d 741, 756 (5th Cir. 1977) (remanding proceedings to allow fees for court-appointed counsel because there is "no reason to discriminate against court-appointed lawyers" in § 1983 action).

Thus defendant's argument fails and Mr. Pitts' fees should be awarded in their entirety.

### 4.      Plaintiff's Claim Not For Personal Gain.

Corporal Spence argues against an award of fees because Mr. Pitts' claim is "purely a private claim for personal financial gain" and is not "seeking to vindicate a broader public goal or societal interest." (*See* Def. Ans. Br. (D.I. 119) at 21.)  Despite defendant's reasoning to the contrary, a private plaintiff's motivation to sue because of an expectancy of a personal gain rather than for the public benefit is irrelevant to the analysis. *Herrington*, 883 F.2d at 745; *Zarcone v. Perry*, 581 F.2d 1039, 1042 (2d Cir. 1978) (rejecting view that "to be eligible for shifting of attorneys' fees, the civil rights plaintiff is obligated to show that his action resulted in direct benefits to others, rather than in benefits solely to himself."). "[P]ublic interests are advanced by civil rights actions even when the plaintiff is the main beneficiary of the suit and financial gain is the primary motive because of a major goal of § 1988, encouraging voluntary compliance with the Constitution by governmental entities, is furthered regardless of these factors." *Id.*

Mr. Pitts was not just suing for personal gain, however, and the jury verdict awarding punitive damages is evidence of such.  The jury in this case awarded Mr. Pitts punitive damages in an amount of $1000.  Although this amount is much less than the $80,000 in compensatory damages, it is significant in what the jury found in order to award such damages.  The instructions provided that punitive damages are appropriate "to punish Cpl. Spence, or to deter

15

Cpl. Spence and others like Cpl. Spence from committing such conduct in the future." (*See* Final Jury Instructions (D.I. 103) at 27.) For the jury to award Mr. Pitts the $1000 in punitive damages it intended to punish Corporal Spence or deter Corporal Spence and other police officers from committing such conduct in the future. Such an award contradicts the argument that Mr. Pitts was not seeking to advance a broader public goal.

The cases cited in defendant's brief are distinguishable. For example, in the *Kreutzer* case, the California Supreme Court found that the claims were not brought explicitly under 42 U.S.C. § § 1983 or 1988 and that it was a highly unusual factual scenario involving a single person who was contesting the suspension of his entertainment license. *Kreutzer v. County of San Diego*, 200 Cal. Rptr. 322 (Cal. 1984). The defendant in that case was found to have wrongfully interpreted hearing requirements related to suspension of licenses – no intentional deprivation of constitutional rights was found. *Id.*

Also, in *Sas v. Trintex*, the plaintiff brought an employment discrimination claim under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000) and included an additional claim under 42 U.S.C. § 1981. 709 F. Supp. 455 (S.D.N.Y. 1989). The court found in that case that plaintiff's claim was for individual employment discrimination and did not involve great constitutional principles. *Id.* at 459. In comparison, a citizen's right to equal protection with regard to police conduct involves great constitutional principles.

Therefore, regardless of Mr. Pitts' motivation in bringing this action, the purpose and policy of § 1988 is furthered by an award of fees in this case where a jury found a state police officer to have violated a citizen's right to equal protection and to be free from unreasonable search and seizure.

16

### 5.    Court Should Not Consider the State's Ability to Pay

Defendant argues that the Court should consider the financial resources of the State of

Delaware and Corporal Spence in calculating any fee award.  (Def. Ans. Br. (D.I. 114) at 22.)

The defendant or the State's budgetary problems or limited financial resources are irrelevant to

the plaintiff's right to an award of fees.  *See Inmates of Alleghany County Jail v. Pierce*, 716

F.2d 177, 180 (3d Cir. 1983) (concluding district court did not err in refusing to find losing

party's financial inability to pay a "special circumstance" relevant to the fee analysis under

§ 1988 whether the party is a private or public entity) (internal citations omitted).  This argument

was expressly made and rejected by this Court in *Amico v. New Castle County*, where the

defendant argued that reducing certain "multipliers" that are considered in fee award calculations

when assessing fees against government entities would be a "good way to reduce the deficit of

the federal fisc."  654 F. Supp. 982, 1006 (D. Del. 1987).  The Court found this argument flawed

and contrary to the underlying purpose of § 1988 which is to "abet the enforcement of the

nation's civil rights laws." *Id.*  "Such a system saves the federal and state governments countless

dollars that would otherwise be expended enforcing civil rights violations through government

offices…Awarding attorneys' fees and multipliers help ensure vigorous civil rights enforcement

at low cost." *Id.*

Therefore, although the State may be suffering from a budget crisis at this time and a fee

award in this case may add to its deficit, such an issue is irrelevant to the Court's analysis in this

case.

### D.    Mr. Pitts' Should be Awarded Additional Fees for Fee Application.

The Third Circuit has held that attorneys may be awarded their reasonable fees and

expenses for litigating the fee application.  *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir.

17

1978). Defendant does not dispute in its answering brief that plaintiff should be awarded its fees for litigating this fee application and therefore such an award is appropriate.

The total reasonable fees expended, through April 27, 2009, in preparing this fee application are $12,985.00. (*See* Declaration of Karen E. Keller at ¶ 5.) The attorneys at YCST spent a total of 38.9 hours through April 27, 2009 representing Mr. Pitts in preparing this fee application. The usual and customary hourly rates of the attorneys at YCST who worked on this matter are forth in the Declaration of Karen E. Keller at ¶ 5. The background and experience of the YCST attorneys are described in the Declaration of John W. Shaw (D.I. 114) at ¶ 8. The hourly rates of the attorneys working on this matter are substantially similar to other Wilmington attorneys who litigate similarly complex federal litigation matters. Details about the standard and customary rates of other attorneys with similar experience are set forth in the Declaration of John W. Shaw (D.I. 114) at ¶ 9.

## III. **CONCLUSION**

Plaintiff, Mr. Pitts, is the prevailing party in this matter and therefore respectfully requests that counsel be awarded his total attorneys' fees in the amount of $130,344.00 and his expenses in the amount of $6,090.62.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

Dated: April 27, 2009

*Counsel for Plaintiff Courtland C. Pitts*

18

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 27, 2009, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

>       Ralph K. Durstein, III, Esquire
>       Department of Justice
>       Carvel State Office Building
>       820 North French Street
>       Wilmington, DE 19801

I further certify that on April 27, 2009, I caused a copy of the foregoing document to be

served by e-mail on the above-listed counsel of record.

>       YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>       Karen E. Keller (No. 4489)
>       The Brandywine Building
>       1000 West Street, 17th Floor
>       Wilmington, Delaware 19801
>       (302) 571-6600
>       kkeller@ycst.com
>
>       *Attorneys for Plaintiff Courtland C. Pitts*