IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURTLAND C. PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0185-LPS |
| | ) | |
| CPL. GREGORY SPENCE, | ) | PUBLIC VERSION |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF COURTLAND C. PITTS' OPENING BRIEF
IN SUPPORT OF HIS SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES
AND EXPENSES AND FURTHER OPPOSITION TO THE MOTION *NUNC PRO TUNC*
OF REAL WORLD LAW, PC FOR ATTORNEYS' FEES AND EXPENSES**

James L. Higgins (No. 5021)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com

*Counsel for Plaintiff Courtland C. Pitts*

Dated: January 27, 2012

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS AND SUMMARY OF FACTS ............................. 1

SUMMARY OF ARGUMENT ............................................................................................. 3

ARGUMENT ..................................................................................................................... 3

    A.    Mr. Pitts Is A Prevailing Party Entitled to Reasonable Attorneys' Fees and Expenses Under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. ............................................................................ 3

    B.    The Real World Law Motion Should Be Denied Because Real World Law Lacks Standing to Assert a Right to Attorneys' Fees Under 42 U.S.C. § 1988(b). ............................................................................ 3

CONCLUSION ................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown v. General Motors Corp.*,
    722 F.2d 1009 (2d Cir. 1983) ..................................................................................4

*Dinter v. Sears, Roebuck & Co.*,
    651 A.2d 1033 (N.J. Super. 1995) ...........................................................................5

*Faro v. Romani*,
    641 So.2d 69 (Fla. 1994) ..........................................................................................5

*Rhoads v. FDIC*,
    286 F. Supp. 2d 532 (D. Md. 2003) .........................................................................4

*Rode v. Dellaciprete*,
    892 F.2d 1177 (3d Cir. 1990) ..............................................................................1, 3

**STATUTES**

42 U.S.C. § 1988(b) ...........................................................................................3, 4, 5

01: 11734092.1                                                                                         900006.1067

## NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

Plaintiff Courtland C. Pitts ("Mr. Pitts") has been represented by Young Conaway Stargatt & Taylor, LLP ("YCST") in this § 1983 action against Corporal Gregory Spence since January 2008, following the withdrawal of Mr. Pitts' previous attorneys, Real World Law, PC ("Real World Law"). (See D.I. 57, 58, 59) Real World Law's withdrawal was the result, in the words of attorney Glenn Brown, Esquire, of the firm lacking "the resources . . . to take the matter to trial[.]" (See Ex. A, Oct. 19, 2007 Letter) In the October 19th letter, Mr. Brown indicates that Real World Law had, at that point, ███████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████ (Id.)[1] Mr. Pitts, who was surprised to learn that the Court permitted Real World Law to withdraw from the case without Mr. Pitts' knowledge or consent, wrote to the Court, expressing his dismay at suddenly facing the prospect of litigating his claims without legal representation or the funds to support his lawsuit. (D.I. 57) Mr. Pitts' letter came as a surprise to the Court, which "had been under the impression that Mr.

---

[1] Despite taking Mr. Pitts' case on a ███ contingency basis, (see D.I. 128), and despite withdrawing voluntarily from the case without Mr. Pitts' knowledge or consent, Mr. Brown explained in his October 19th letter that Mr. Pitts was obliged to reimburse Real World Law its ███████████ in attorneys' fees expended, as well as ███████ in costs. (Id.) Mr. Brown's fee application (the "Real World Law Motion") (D.I. 128) seeks nearly twice the amount quoted to Mr. Pitts though, and does not include sufficient information under Third Circuit law about the hours worked to support any award of fees. See Rode v. Dellaciprete, 892 F.2d 1177, 1191 n.13 (3d Cir. 1990) (explaining what information is sufficient for a court's consideration of a fee application). Almost two years after briefing was completed on the Real World Law Motion, Mr. Brown informed Mr. Pitts that Mr. Pitts was obligated to pay Real World Law ███████ in costs—an amount for which Mr. Brown seeks reimbursement from the defendant in the Real World Law Motion. (See Ex. B, June 17, 2011 Invoice) This supplemental opposition to the Real World Law Motion addresses this issue that had not yet transpired at the time the previous submissions were filed.

1

Brown communicated his intention to seek withdrawal with [Mr. Pitts], and that [Mr. Pitts] was aware of his attorney's intention[.]" (D.I. 58) As a result, the Court ordered that the Clerk of Court seek an attorney from the Federal Civil Panel to represent Mr. Pitts, (*id.*), leading to Mr. Pitts' representation by YCST.

As a result of YCST's efforts, Mr. Pitts prevailed at trial, securing a jury verdict of $80,000 in compensatory damages, and $1,000 in punitive damages. (*See* Jury Verdict, D.I. 108) This result was obtained despite that, during Mr. Pitts' representation by Real World Law, the defendant had not even made a nuisance value settlement offer to Mr. Pitts, presumably believing Mr. Pitts could not win. (*See* Ex. A) Following post-trial briefing, the Court vacated the jury's verdict and entered judgment as a matter of law in favor of Corporal Spence. Concurrently, the Court denied as moot the Real World Law Motion and Mr. Pitts' motion for attorneys' fees and expenses. (*See* Opinion, D.I. 132) Mr. Pitts noticed an appeal to the United States Third Circuit, and following full briefing and oral argument, the Third Circuit issued a precedential opinion on June 17, 2011, "revers[ing] the judgment of the District Court and reinstat[ing] the jury's verdict and damages award in Pitts' favor . . . [and] vacat[ing] the District Court's denial of the motions of Pitts' current and former counsel for attorneys' fees and expenses under 42 U.S.C. § 1988, with instructions that the District Court consider those motions on the merits." (*See* Ex. C, Opinion at 13)

A status conference was held on January 10, 2012, at which time the Court ordered that the parties meet and confer on a briefing schedule for YCST's supplemental fee application and any supplemental opposition to the Real World Law Motion in light of Mr. Pitts' comments to the Court. This is Mr. Pitts' opening brief on those issues.

2

## SUMMARY OF ARGUMENT

1. Mr. Pitts is entitled to reasonable attorneys' fees under 42 U.S.C. § 1988(b) as the prevailing party in this litigation.

2. Real World Law lacks standing to assert a right to attorneys' fees under 42 U.S.C. § 1988(b), and its fee application should be denied as a result.

## ARGUMENT

A. **Mr. Pitts Is A Prevailing Party Entitled to Reasonable Attorneys' Fees and Expenses Under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988.**

Mr. Pitts hereby incorporates by reference Plaintiff Courtland C. Pitts' Opening Brief In Support Of His Motion For Attorneys' Fees and Expenses (D.I. 115) and Plaintiff Courtland C. Pitts' Reply Brief In Support Of His Motion For Attorneys' Fees and Expenses (D.I. 122) (together the "First Fee Briefs"). The Third Circuit's reinstatement of the jury's verdict and damages award to Mr. Pitts makes Mr. Pitts the prevailing party in this case. Attached as Exhibit D is the Declaration of John W. Shaw, Esq., which provides sufficient information under Third Circuit law for the Court to rule on this supplemental fee application. *See Rode*, 892 F.2d at 1191 n.13.

B. **The Real World Law Motion Should Be Denied Because Real World Law Lacks Standing to Assert a Right to Attorneys' Fees Under 42 U.S.C. § 1988(b).**

Mr. Pitts hereby incorporates by reference Platintiff Courtland C. Pitts' Opposition to the Motion *Nunc Pro Tunc* of Real World Law, PC for Attorney's Fees and Expenses (D.I. 130). In further opposition to the Real World Law Motion, Mr. Pitts submits that the merits of the Real World Law Motion need not be considered by the Court, because Real World Law lacks standing to assert a right to attorneys' fees under 42 U.S.C. § 1988(b). Section 1988(b) provides that a

3

court "may allow the <u>prevailing party</u> . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b) (emphasis added). Mr. Pitts, and not Real World Law, is the prevailing party in this case.

As the Second Circuit recognized in denying a former attorney's motion for attorneys' fees, "Section 1988's direction that fees may be awarded to 'the prevailing party' is plain enough and, absent evidence of a contrary congressional intent (which has not been provided), is dispositive." *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983). In *Brown*, the former attorney had been discharged by the client, who was dissatisfied with his attorney's representation. *Id.* at 1010. The client subsequently obtained replacement counsel, who assisted in settling his case. *Id.* The former attorney, "acting for himself," sought attorneys' fees from the district court under § 1988(b). The district court denied the former attorney any right to attorneys' fees, and the Second Circuit affirmed. *Id.* at 1011. The Second Circuit noted that a claim for attorneys' fees under § 1988(b) "must be made by the party rather than the attorney." *Id.*[2]

As in *Brown*, Real World Law seeks attorneys' fees in this case "acting for [it]self" and not on behalf of Mr. Pitts, who is, of course, the prevailing party entitled to attorneys' fees under § 1988(b). Given that the Real World Law Motion was not filed on behalf of Mr. Pitts, and in fact was filed despite Mr. Pitts' protestations that Mr. Brown should receive no attorneys' fees because he withdrew without Mr. Pitts' knowledge or consent, the Real World Law Motion should be denied.[3]

---

[2] Although *Brown* involved an attorney who was discharged by a client who later prevailed, the situation for Real World Law is significantly less sympathetic. Real World Law withdrew as counsel for Mr. Pitts, without Mr. Pitts' knowledge or consent. The Second Circuit's reasoning in *Brown* should apply with greater force to an attorney who abandoned his client before trial and then later seeks to benefit when his former client later prevails.

[3] The Real World Law Motion should be denied on the independent basis that it merely alleges that Real World Law assisted Mr. Pitts in defendant against Corporal Spence's summary

4

Finally, from a policy perspective an attorney who withdraws under circumstances that result in a forfeiture of any right to a contingency fee should not benefit from a fee award under § 1988(b). Section 1988(b) is intended to encourage private attorneys to represent clients who cannot afford the expenses associated with retaining private counsel. In this case, Real World Law's withdrawal, without Mr. Pitts' knowledge or consent, and without justifiable cause, results in a forfeiture of any claim Real World Law would have had to a contingency fee had Real World Law remained Mr. Pitts' counsel. *See, e.g., Dinter v. Sears, Roebuck & Co.*, 651 A.2d 1033, 1038 (N.J. Super. 1995) ("The general rule is that a lawyer who abandons or withdraws from a case, without justifiable cause, before termination of a case and before the lawyer has fully performed the services required, loses all right to compensation for services rendered.") (quoting *Int'l Materials v. Sun Corp.*, 824 S.W.2d 890, 895 (Mo. 1992)); *Faro v. Romani*, 641 So.2d 69, 71 (Fla. 1994) ("We hold that when an attorney withdraws from representation upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation."); Because § 1988(b) was enacted to provide civil rights plaintiffs with access to private counsel in difficult cases, withdrawing attorneys who have no right to a contingency fee because they chose to abandon their client should not be rewarded with attorneys' fees under § 1988(b).

---

judgment motion. The successful defense of a summary judgment motion does not confer "prevailing party" status on a plaintiff, though. Real World Law attempts to tie the final judgment in Mr. Pitts' favor to his succeeding on summary judgment with the help of Real World Law, but has not even attempted to establish that "[its] efforts, and not those of [YCST], produced the final judgment in favor of [Mr. Pitts]. *Rhoads v. FDIC*, 286 F. Supp. 2d 532, 542 n.7 (D. Md. 2003) (denying prevailing party's application for § 1988(b) attorneys' fees for the time spent by former counsel who withdrew).

5

## CONCLUSION

Plaintiff, Mr. Pitts, is the prevailing party in this matter and therefore respectfully requests that, in addition to the amounts set forth in the First Fee Briefs, he be awarded an additional $49,107.47 in attorneys' fees and costs incurred through the successful appeal of this matter, as described in Mr. Shaw's attached declaration.

Mr. Pitts respectfully submits that the Motion *Nunc Pro Tunc* of Real World Law, PC for Attorney's Fees and Costs (D.I. 129) should be denied for lack of standing, and for the additional reasons provided.

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> */s/ James L. Higgins*
> James L. Higgins (No. 5021)
> Rodney Square
> 1000 North King Street
> Wilmington, DE 19801
> (302) 571-6600
> jhiggins@ycst.com

Dated: January 27, 2012                     *Counsel for Plaintiff Courtland C. Pitts*

## **CERTIFICATE OF SERVICE**

I, James L. Higgins, Esquire, hereby certify that on February 3, 2012, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Ralph K. Durstein, III, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE  19801

I further certify that on February 3, 2012**,** I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*

James L. Higgins (No. 5021)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
jhiggins@ycst.com

*Counsel for Plaintiff Courtland C. Pitts*